STATE ex rel. McCUNE and others vs. GOODWIN and others, Supervisors, etc.

CERTIORARI *to town supervisors—Order as to highway—What record must contain.*

1. Where town supervisors have refused to discontinue a highway, and, on appeal, there has been a decision by commissioners and an order of the supervisors based thereon (R. S., ch. 19, §§ 77, 78), *certiorari* to the supervisors brings up *all* the proceedings, and all should be included in the return.
2. The order of the commissioners, if it refers to the justice's warrant, and shows that they acted under it, need not recite it at length.
3. Nor need such order recite the facts which led to the appointment of the commissioners, nor that all the requirements of the statute were complied with.
4. Under our statute, such order is sufficient, if signed by two of the three commissioners appointed.

APPEAL from the Circuit Court for *Dodge* County.
The defendants, supervisors of the town of Williamstown, in said county, made an order (August 11, 1868), vacating a certain highway in said town. A writ of *certiorari* having issued from the circuit court to bring up this decision for review, defendants made a return, setting forth at length their said order, and all the proceedings anterior thereto and connected with the subject of the vacating of said highway, from the presentation of the original petition therefor, including, 1. A recital and copy of their first order, made (June 15, 1868), upon said petition, refusing to discontinue the highway. 2. A statement that one Henninger appealed therefrom, and a copy of his application in writing to one Spiering, a justice of the peace of said town, for the appointment of commissioners pursuant to the statute (R. S., ch. 19, §§ 77–79). 3. A recital of the appointment by said justice (after due notice), of *John Groff, Gottlieb Nietschky* and *Gary Taylor*, as such commissioners, and the annexing to said application, and issuing to said commission-

ers, of a warrant, of which a copy is set forth (ch. 19, § 80). 4. A recital that said warrant was returned with an affidavit indorsed thereon, of which a copy is set forth, and which is simply an affidavit of the service of said warrant, etc., upon said commissioners. 5. A copy of the order and decision of two of said commissioners, the original of which would appear (from the return and certificate of said supervisors) to have been filed in the office of the clerk of said town. This order was as follows: "WHEREAS, John Henninger, of the town of Williamstown, in the county of Dodge, considering himself aggrieved by the determination of the supervisors of said town, by an order made by them, bearing date the 15th day of June, 1868, refusing to discontinue a highway in said town, upon due application to them in writing for that purpose, described as follows [here follows the description], appealed to Henry Spiering, a justice of the peace of said town, from such determination, upon which we, the undersigned, were duly appointed commissioners to view and examine said highway, and to hear and determine said appeal, and having been duly sworn for that purpose, and having met at the office of said justice, in said town of Williamstown, on the 5th day of August, 1868, in pursuance of the warrant of Henry Spiering, justice of the peace, we did proceed to view and examine the said highway, and having viewed and examined the same, we do hereby adjudge and determine that said order and determination of the said supervisors be, and the same is, in all things reversed. Given under our hands this 5th day of August, 1868. John Groff, Gottlieb Nitschky, commissioners." 6. A remonstrance, addressed to said board of supervisors, against their making an order vacating said road. 7. A copy of the final order of said board (made August 11, 1868), which recites all the previous proceedings, and which is certified to have been filed in the office of the town clerk on the day of its date.

The circuit court held said last-mentioned order void, and rendered judgment accordingly ; from which defendants appealed.

*A. Scott Sloan*, for defendants :

1. The writ properly brings up only the proceedings showing jurisdiction, and the order of the commissioners ; and the decision of the supervisors can be reversed only on the ground of error appearing on the face of the order. The merits will not be reviewed. *People v. Mayor of N. Y.*, 2 Hill, 9 ; *People v. City of Rochester*, 21 Barb. 656. Whether the commissioners decided correctly, is therefore not a question for review. This court will only inquire whether they had jurisdiction, and whether the order was void on its face. 2. The order is valid, though signed by only two commissioners. R. S. ch. 5, § 1, subd. 3 ; ch. 19, §§ 80, 81 ; *Soens v. City of Racine*, 10 Wis. 271 ; *Town of Beaver Dam v. Frings*, 17 id. 400 ; *Tucker v. Rankin*, 15 Barb. 471.

*E. P. Smith*, for relators :

All the return made to the writ, except the order of the alleged commissioners, that of the supervisors dated August 11, 1868, and the certificate as to the filing of these, are surplusage, and should be disregarded. *People v. Hynds*, 30 N. Y., 473 ; 13 Wis. 432 ; 14 id. 378 ; *People v. Mayor*, 2 Hill, 11 ; 2 Tiff. & Sm. 234. The object of the writ was to examine into the jurisdiction of the supervisors ; and therefore the return should contain only the facts and evidence bearing on the question of jurisdiction. *People v. Comm'rs*, 1 Cow. 23 ; *People v. Van Alstyne*, 32 Barb. 131 ; *People v. The Three Judges*, 24 Wend. 249 ; 13 id. 432. The decision of the alleged commissioners was the only foundation of defendants' jurisdiction to make the order of August 11th. R. S. ch. 19, §§ 80, 81, 82, 58. That decision, therefore, should recite the necessary jurisdictional facts, to wit : the appointment of the three commissioners, the proper erection of this appellate court, and the due discharge of their duties in strict accordance with the

statute. Blackw. on Tax Titles (1st ed.), 52–54; *Rex v. All Saints*, 1 Man. & R. 663; *Gilbert v. Columbia Turnp. Co.*, 3 Johns. Cas. 107; *Mericle v. Mulks*, 1 Wis. 366; 21 id. 32; *Lee v. Parry*, 4 Denio, 126. It cannot be aided by parol. *Fitch v. Comm'rs*, 22 Wend. 132; Broom's Leg. Max. 27; Smith's Comm. 654, 655; *People v. Hynds*, 30 N. Y. 473; *People ex rel. Floyd v. Williams*, 36 id. 441; *Tucker v. Rankin*, 15 Barb. 474. 2. The return does not show that the warrant of the justice was ever returned to him executed, with the doings of the commissioners indorsed thereon, or with an indorsement similar to the written decision filed with the clerk (R. S. ch. 19, § 80); or that the order in question was made in pursuance of the appointment of the justice and direction of the warrant. It does not show — except by the bare assertion in the final order of the supervisors — that three commissioners were appointed, or ever met and considered the matter of the appeal. The order of the self-styled commissioners contains no reference to the warrant; and, for all that appears, they may have acted in pursuance of some other warrant. 3. *Quære*, whether a majority only of the commissioners could act in this case. R. S. ch. 19, § 80; *Blackman v. Town of Dunkirk*, 19 Wis. 183.

COLE, J. The writ of *certiorari* properly brings up the proceedings taken under the statute for vacating the highway; and we suppose these entire proceedings constitute the record. The question is, Were these proceedings regular, and in conformity to the statute? How can that question be determined, unless we look into the proceedings taken? It is claimed that the return made by the supervisors should only embrace the order of the commissioners, and the order of the supervisors made upon the decision of the commissioners, with the certificate as to the time the last order was filed in the town clerk's office; and that all the other matters included in

the· return should not be considered.    The writ commanded the supervisors not only to certify and return their order made upon the decision of the commissioners, but "*all proceedings upon which said order and determination was founded.*" This the supervisors have done; and we must look into the entire proceedings to see if they are in conformity to the statute, and show jurisdiction to discontinue the highway in question.    And, upon examining the return, we think that it shows that the proper legal steps were taken to discontinue the highway.    The supervisors first decided against the application to discontinue. A person aggrieved by their determination took an appeal, as provided in sections 77 and 78, chap. 19, R. S., and had commissioners appointed.    These commissioners were appointed; the return .shows that they were sworn.    It is said the return does not furnish any evidence that the commissioners acted under a sufficient warrant.    This objection is not supported by the record. True, the order of the commissioners does not set forth at length the warrant of the justice, but certainly refers to it, and shows that they acted under it.    It is also said, that the order of the commissioners should set forth all the necessary jurisdictional facts.    The statute provides that the justice shall annex to the application for appeal a warrant, appointing a time and place for the meeting of such commissioners, and issue the same to the persons appointed, directing them to view and examine the highway described in the application, and the determination of the supervisors in refusing to discontinue the same, and "*and to make return of their decision* thereon." Sec. 80.    And the next section says : " The decision of such commissioners shall be reduced to writing and signed by them, and filed with the town clerk."    The statute does not require that the order or decision of the commissioners shall set forth all the antecedent proceedings which led

to their appointment, or recite the warrant at length, and that all the requirements of the statute were complied with. But they were simply to view and examine the designated highway and the determination of the supervisors, and make their written decision upon that matter. This was done in this case, and the supervisors proceeded to discontinue the highway, in accordance with the decision of the commissioners. A further objection is taken, that the return does not show that three commissioners were appointed. This is not so. The return does show that three were appointed. It is true, the decision is signed by only two commissioners; but this is sufficient under our statute. Subd. 3, § 1, ch. 5, R. S. ; 17 Wis. 398. The cases of *The People v. Hynds* (30 N. Y. 470), and *The People v. Williams* (36 id. 441), have no application, for the reason that the statute of New York provides that orders made by two commissioners shall be void, unless it appears upon the face of the order that all the commissioners met and deliberated on the subject embraced in the order, or were notified to attend a meeting of the commissioners for the purpose of deliberating thereon. We have no such provision in our statute.

We think the order of the supervisors, discontinuing the highway, was correct. The judgment of the circuit court, reversing that order, must therefore be reversed, and the order of the supervisors affirmed.

*By the Court.* — Ordered accordingly.