Williams vs. Mitchell and others.

It follows from these views that the judgment of the county court must be affirmed.

*By the Court:* — Judgment affirmed.

WILLIAMS vs. MITCHELL and others.

*April 20 — May 11, 1880.*

HIGHWAYS: PROCEEDINGS TO ALTER, etc. *(1) Jurisdiction. (2) Notice of meeting need not be signed by the supervisors. (3) Order of the supervisors as evidence. (4) Who should be appointed appeal commissioners: How far the question jurisdictional. (5) Two commissioners may act. (6) Void condition in order of supervisors altering road. (7) Conditional release of damages held of no effect.*

1. If town supervisors, without having acquired jurisdiction of the subject, refuse to alter a highway, the decision made upon such order by commissioners, on appeal, and all subsequent proceedings upon the decision, will be void.

2. The statute provides that, "upon application made to the supervisors for the laying out, altering or discontinuing of any highway, they shall *make out a notice,* and fix therein a time and place at which they will meet," etc. Tay. Stats., 491, § 66; R. S., 400, sec. 1267. *Held,* that this merely requires the notice to be given by the direction and authority of the supervisors, and not that it shall be *signed* by them.

3. An order of the town supervisors altering a highway is *prima facie* evidence of the regularity of all proceedings prior thereto (Tay. Stats., 492, § 69; R. S., 408, sec. 1298); and to impeach the validity of the order on the ground of a failure to serve notice on one of the adjoining land-owners, such failure must affirmatively appear.

4. Persons who have signed the petition for a proposed alteration in a highway, cannot regularly be appointed commissioners to determine an appeal from the order of the supervisors, not being "disinterested" persons within the meaning of the statute *(Brock v. Hishen,* 40 Wis., 674); but such appointment, made in disregard of an objection thereto duly taken, is merely an irregularity and *not jurisdictional,* and is no ground for impeaching, in a *collateral action,* the validity of the acts of such commissioners.

5. Under our statute, it is sufficient if two of the three commissioners appointed are qualified and act. *State ex rel. McCune v. Goodwin,* 24 Wis., 286.

6. After appeal commissioners had reversed an order of the supervisors refusing to discontinue a highway between two specified points, and lay out a highway on another line between those points, the supervisors made an order for such alteration, but added a provision that "the aforesaid highway is not to be discontinued until the road hereby laid out is opened." *Held*, that the condition is void, and does not affect the validity of the order making the alteration.

7. Releases of damages from land-holders along the line of the new highway were made on express condition that the proceeding to lay out such highway should not be adjudged invalid by a court of competent jurisdiction. *Held*, that their acceptance does not affect the validity of the proceedings; as such releases would become inoperative on failure of the proceedings, without any express condition to that effect.

APPEAL from the Circuit Court for *Milwaukee* County.

The action was to recover damages for a trespass alleged to have been committed by the defendants in May, 1877, on certain lands owned by and in the possession of the plaintiff, in the town of Mineral Point, Iowa county. The answers of the defendants substantially admit the title and possession of the plaintiff to the *locus in quo*, as alleged in the complaint, and that they committed thereon some of the acts complained of; but aver that the place where such acts were committed was within the limits of a public highway, and they only removed therefrom obstructions unlawfully placed there by the plaintiff. The place of trial was changed from the circuit court for Iowa county to the circuit court for Milwaukee county, and the cause was tried in the latter court. The question mainly litigated on the trial was, whether the *locus in quo* was within the limits of a public highway, the defendants maintaining the affirmative, and the plaintiff the negative of that issue. The plaintiff recovered a judgment for nominal damages, from which the defendants appealed.

The case is further stated in the opinion.

For the appellants there was a brief by *Wilson & McIlhon*, and oral argument by *Mr. Wilson*.

For the respondent there was a brief by *Lanyon & Spensley*, and oral argument by *Mr. Spensley*.

LYON, J.   It appears in the evidence that in the year 1875 the supervisors of the town of Mineral Point made an order laying out a public highway across the land of the plaintiff described in the complaint.   Although on the trial the plaintiff sought to impeach the validity of that order, it will be assumed, for the purposes of this appeal, that the order was valid, and established a public highway.   It will also be assumed that the acts of the defendants complained of were only the removal by them of obstructions from the land of the plaintiff within the limits thus established as a public highway.   The plaintiff maintains that in March, 1877, and before the alleged trespasses were committed by the defendants, the line of the highway across his lands was duly and legally changed, and that the *locus in quo* then and thereby ceased to be a public highway.   Whether the line of the highway was thus changed, is the controlling question in the determination of this appeal.   If it was, the acts complained of were trespasses, and the plaintiff was entitled to the judgment he recovered.   If it was not, the defendants should have judgment.

The evidence shows that a petition or application purporting to be signed by more than six freeholders residing in the town of Mineral Point, was presented by the board of supervisors of that town, asking them to change the highway in question by discontinuing it between certain designated points, and laying out a highway on another line, terminating at the same points.   Thereupon the board met and formally fixed a day and place for a meeting of the supervisors to decide upon the application, and, in substance, directed the town clerk to make out and give the proper notices of such meeting, authorizing him to sign their respective names thereto.   The clerk caused such notice to be drawn up in due form, signed the names of two of the supervisors to it, and attested it himself. It does not appear that it was not duly posted and served, and the evidence tends to show that it was.

The supervisors met at the appointed time and place, and made an order refusing to grant the application of the petitioners. Thereupon an appeal from their determination was taken by the plaintiff pursuant to statute. Tay. Stats., 498, § 91; R. S., 402, sec. 1276. The commissioners appointed on such appeal reversed the order of the supervisors refusing to alter the highway, and determined that the same should be altered as proposed in the petition. In obedience to such determination the supervisors made an order, dated March 27, 1877, altering the highway as proposed, but inserted therein the following condition: "The aforesaid highway is not to be discontinued until the road hereby laid out is opened." At the same time the supervisors made an award of damages to some of the owners of lands through which the new line of highway was laid, and other owners of such lands gave releases of damages therefor. These releases contained a condition to the effect that they should be void if the proceedings resulting in the order altering the highway should be adjudged invalid by a court of competent jurisdiction.

The objections to the validity of those proceedings will now be considered in their order.

1. It is doubtless the law that if the supervisors, in refusing to alter the highway, acted without jurisdiction, it is fatal to all the subsequent proceedings, including their order altering the highway, made pursuant to the determination of the commissioners. Also, if notice of the meeting of the supervisors to decide the application was not given as required by the statute, the supervisors had no authority to make any order in the matter, and the order they made would not be a basis for further proceedings. It is argued that because the notice of such meeting was not signed by the supervisors, or by the town clerk in their presence and by their express direction, the notice was insufficient and the subsequent proceedings are void.

The statute requires that, "upon application made to the

supervisors for the laying out, altering or discontinuing of any highway, they shall make out a notice and fix therein a time and place at which they will meet and decide upon such application." Tay. Stats., 491, § 66; R. S., 400, sec. 1267. It will be observed that the statute does not expressly require the notice to be signed by the supervisors. If it did, there would be great force in the objection. But it only requires them to "make out a notice." Of course, this does not mean that one of their number shall actually write it out; yet there is as much reason for holding that it must be so written as there is for holding that the supervisors must actually sign it. The plain, sensible construction of the statute is, in our opinion, that the notice must be made and given by the direction and authority of the supervisors; and in the present case the notice was so made and given.

2. It is said that the record fails to show that the notice was served on one of the defendants, through whose land the altered highway passes; and it is claimed that the failure to make such service renders void all of the proceedings.

If we could say from the record that such failure occurred, the objection would be a very serious one. But we cannot say so. The order altering the highway is *prima facie* evidence of the regularity of all proceedings prior thereto. Tay. Stats., 492, § 69; R. S., 408, sec. 1298. It is therefore *prima facie* evidence that the notice was served on all owners of lands through which the altered highway was laid. It is not sufficient that the record fails to show such service affirmatively. To impeach the validity of the proceedings the failure of service must appear affirmatively. We find in the record no proof of such failure.

3. The next objection is to the qualifications of the commissioners. All of them signed the petition to the supervisors for the proposed alteration of the highway, and that fact was called to the attention of the justice before whom the appeal proceedings were taken, and who made the list from which the

commissioners were selected. None of the supervisors appeared when the selection was made; but one of the defendants, through whose land the proposed new line of the highway would pass, appeared and objected to the competency of the signers of the application to act as commissioners. The objection was disregarded.

In *Brock v. Hishen*, 40 Wis., 674, in which the controversy related to the same highway, it was held that a supervisor who had joined in a former invalid order to lay out the highway was not a disinterested person within the meaning of the statute, and was therefore incompetent to act as a commissioner on an appeal from a subsequent order refusing to lay out the same highway. The same principle is applicable to the petitioners for the alteration of the highway. In a formal written application, invoking the action of the town authorities, they had deliberately expressed the opinion that the alteration ought to be made; and we think they were not disinterested within the meaning and intention of the statute in that behalf.

In *Brock v. Hishen*, when the commissioners were selected no objection was made to the competency of the late supervisor to act as one of them. In this case, due and timely objection was made, by one having the right to make it, to the competency of such petitioners to act as commissioners; and it was the plain duty of the justice to strike their names from the list, and insert in their places the names of other persons who were competent to act.

Were the court reviewing the proceedings of the commissioners on *certiorari*, brought in proper time, it is very probable that their determination would be reversed because the justice disregarded such objection and appointed commissioners who were not disinterested. But this is an irregularity only, and not jurisdictional. It was substantially so held in *Brock v. Hishen;* for in that case the failure to object in due time to the competency of the late supervisor was held a

waiver of the objection.   Being merely an irregularity, it is not available in a collateral action.   Although the commissioners were not disinterested, their determination is not therefore void, but is valid and conclusive until assailed in a direct proceeding to set it aside.   This is not such a proceeding; and therefore in this action it must be held that such determination is valid.

4. The validity of the determination of the commissioners is also denied because, although three were appointed, but two qualified and acted.   A like objection was considered and overruled in *State ex rel. McCune v. Goodwin*, 24 Wis., 286, where it was held that the provisions of subdivision 3, sec. 1, ch. 5, R. S. of 1858, were applicable in such a case.   R. S., 1145, sec. 4971, subd. 3.

5. We concur in the ruling of the circuit judge that the condition in the order of the supervisors altering the highway, "the aforesaid highway is not to be discontinued until the road hereby laid out is opened," is void, and does not affect the validity of the order making the alteration.   After the commissioners had reversed their former order, nothing remained for the supervisors to do but to make the proper order altering the road, and to award the damages.   When this was done, their authority in the matter was exhausted.   All they attempted to do beyond that, was inoperative for any purpose.

6. The condition in the releases of damages is of no importance.   The consideration of such releases was, that the highway had been legally altered.   If the proceedings to that end failed to alter it, the releases would become inoperative without any condition to that effect inserted in them.

The questions above considered and determined are believed to be decisive of the case.   Other questions were argued and have been considered, but they are not deemed of sufficient importance to require discussion in this opinion.   Our conclusion is, that the *locus in quo* ceased to be a public highway before the trespasses complained of were committed by the

defendants, and hence that the judgment for nominal damages therefor cannot be disturbed.

*By the Court.* — Judgment affirmed.