Burns vs. The Town of Spring Green.

BURNS vs. THE TOWN OF SPRING GREEN.

*November 8 — November 21, 1882.*

*Highway proceedings: jurisdiction of J. P.*

Under sec. 71, ch. 19, Tay. Stats., unless the application be made within thirty days after the filing of the award of damages, and upon notice of six days to the supervisors, a justice of the peace has no jurisdiction to cause a jury to be selected for the appraisal of damages caused by the laying out or altering of a highway. *State v. Wilson,* 17 Wis., 687, distinguished.

APPEAL from the Circuit Court for *Sauk* County.

The case is sufficiently stated in the opinion. The defendant appealed from a judgment in favor of the plaintiff.

For the appellant there was a brief by *Barker & Barlow*, and oral argument by *Mr. Barker*.

For the respondent there was a brief by *Brooks & Dutcher*, and oral argument by *Mr. Brooks*.

ORTON, J. The supervisors assessed damages of five dollars to the plaintiff, through whose land the highway was laid out, and such assessment was filed in the office of the town clerk on the 27th day of April, 1878. On the 24th day of May following, the plaintiff filed with the justice a formal application for a jury to assess such damages, but without any notice to the supervisors, and then gave notice that a jury would be selected for such purpose on the 1st day of June following. Thereupon the supervisors objected to the jurisdiction of the justice to appoint such jury, and on said 1st day of June a jury was selected and appointed, and they assessed such damages at the sum of $200, and this suit is brought against the town to recover the same. The law under which these damages were assessed is sec. 71, ch. 19, Tay. Stats., which provides that "if any owner of lands, through which a highway shall be laid out or altered by the supervisors, shall not be satisfied with the sum awarded for damages by such supervisors, he shall, *within thirty days after the filing of the award* of damages in the office of the town clerk, as provided in the preceding section, *apply* to a justice of the peace of the same or of an adjoining town for a jury to assess and appraise such damages. . . . The party appealing shall serve on two of the supervisors of the town in which such highway shall be laid out or altered, *at least six days before the time fixed for making such application*, a notice in writing, specifying therein the name of the justice to whom, and the time and place when and where, such application *will be made*."

Burns vs. The Town of Spring Green.

Objection is made that the justice had no jurisdiction to cause the jury to be selected for this appraisement. The plaintiff treated the 1st day of June as the time when he made the application, and gave the six days' notice accordingly. The language of the above section is too plain and unambiguous to admit of any doubt as to its construction. There is scarcely room for construction when the language used cannot possibly have but one meaning. The application to the justice for a jury must be made within *thirty days*, and on *six days'* notice to the supervisors of "the name of the justice to whom, and the time and place when and where, such application *will be made*." Was this application made on the 24th day of May? If so, it was without the six days' notice. Was it made on the 1st day of June? If so, it was too late.

It is perfectly clear that the justice had no jurisdiction to select and appoint the jury which appraised this damage, and there is, therefore, no cause of action.

It is contended by the learned counsel for the respondent that this court decided in *State v. Wilson*, 17 Wis., 687, that an application like this, made after the thirty days, gave the justice jurisdiction. In that case the relation states that the application was made within thirty days. It does state that on the 19th of April, which was on the thirty-first day, the bond required by the statute was filed; but the matter was probably kept open for that purpose. There was an appearance in that case, and that objection, if any, was not urged. It is apparent that this question was not made or decided in that case.

*By the Court.*— The judgment of the circuit court is reversed, and the cause is remanded with directions to dismiss the complaint.