The State ex rel. Milliren vs. Varnum and others.

THE STATE EX REL. MILLIREN, Respondent, vs. VARNUM and others, Appellants.

*February 25 — March 22, 1892.*

*Highways: Laying out and opening: Appeal from award of damages: Jurisdiction: Waiver: Mandamus.*

1. Upon an appeal from an award of damages in proceedings to lay out a highway, the requirements of sec. 1285, R. S., that the application for a jury shall be in writing and shall describe the premises, and that notice of such application shall be served at least six days prior to the making thereof, must be complied with in order to give the justice to whom the application is made jurisdiction of the subject matter; and a want of such jurisdiction is not cured by voluntary appearance of the supervisors before the justice.

2. Where, on laying out a highway, the supervisors assessed damages at less than $250, and appeal proceedings by which such assessment was increased beyond that sum were void for lack of jurisdiction, a vote of the electors, under sec. 1291, S. & B. Ann. Stats., refusing to approve and accept the highway, based upon such void increase, is no defense to a proceeding by *mandamus* to compel the opening of the highway.

APPEAL from the Circuit Court for *Pepin* County.

*Mandamus* against the board of supervisors of the town of Pepin, in Pepin county, to compel such board to lay out and open a certain highway therein.

In July, 1890, a proper petition to lay out such highway was presented to said supervisors, and such proceedings were had thereon that the supervisors made an order refusing to lay out and establish such highway. Thereupon an appeal was taken by the present 'relator from such determination of the supervisors, pursuant to sec. 1283, R. S., and such proceedings were had on the appeal that the commissioners appointed in that behalf reversed the order of the supervisors. All the foregoing proceedings were regular.

The supervisors still refused to lay out and open the highway, whereupon the relator filed his petition in the circuit court for a writ of *mandamus* to the supervisors requiring them to lay out and open the same. An alternative writ of *mandamus* was issued and served. The supervisors made return thereto, to which the relator interposed a general demurrer, which the court sustained. Thereafter, pending a motion for a peremptory writ of *mandamus*, the supervisors took regular proceedings and made an order laying out such highway and appraising the damages sustained by the owners of the lands over which it was laid at $120. They also ordered the highway to be opened.

Such owners appealed from the appraisal of damages, under sec. 1285, R. S., and such proceedings were had therein that the jury selected to appraise the damages appraised the same at $255. Pursuant to ch. 289, Laws of 1885 (S. & B. Ann. Stats. sec. 1291),[1] the supervisors sub-

---

[1] Sec. 1291, S. & B. Ann. Stats., provides that "when the total amount of damages chargeable to one town consequent upon any one order for laying out . . . a highway shall be $250 or more, such highway shall not be opened . . . unless such order be approved and such highway accepted by a majority of the qualified electors of the town," etc.— REP.

mitted the question of approving and accepting such highway to the next annual town meeting of the town of Pepin, and the meeting, by the votes of a large majority of the electors, refused to approve and accept the same. The court permitted the supervisors to file an amended return to the alternative writ, setting forth the above proceedings had after the demurrer to the first return had been overruled. The relator interposed a general demurrer to the amended return, which the court sustained. The grounds upon which it is claimed the amended return is defective are stated in the opinion.

The supervisors appeal from the order sustaining the demurrer to the amended return.

For the appellants there were briefs by *C. M. Hilliard* and *John Frazer*, attorneys, and *Wm. P. Bartlett*, of counsel, and oral argument by *Mr. Hilliard*.

*W. E. Plummer*, for the respondent.

Lyon, C. J. Had the proceedings subsequent to the laying out of the highway, which resulted in the refusal of the town meeting to approve and accept such highway, been regular, or had they been irregular only in matters which do not go to the jurisdiction of the justice before whom the appeal proceeding was instituted, probably the validity of such proceedings might be sustained. If sustained, it is clear that no peremptory *mandamus* could issue to compel the supervisors to lay out and open the highway, for the reason that the negative vote of the town meeting would have deprived the supervisors of power to do so. Such is the express provision of ch. 289, Laws of 1885. S. & B. Ann. Stats. sec. 1291.

But the record discloses at least two defects in the proceedings on the appeal from the award of damages which go to the jurisdiction of the justice over the subject matter of the proceedings, thus depriving him of power to make a

jury list or summon a jury, and consequently depriving the jury of power to make a valid award.

Sec. 1285, R. S., provides that the application to the county judge or a justice of the peace for a jury to assess and appraise such damages "shall be made in writing, describing the premises." In this case the application was to a justice of the peace. The record contains no written application. It is stated in the amended return that it was in writing, but the recitals of such application in the notice to the supervisors of the selection of the jury, and in the process for summoning the jury, attached to the amended return, fail to state that such application was in writing. It is quite probable that the court would be justified by this condition of the record in holding that there is no sufficient averment that the application was in writing. But, however that may be, there is no allegation in the amended return, or in any of the proceedings annexed thereto, that the premises over which the highway was laid was described in such application.

Again, the same statute requires the person thus appealing to serve on the supervisors a notice in writing, among other things, of the time and place when and where application will be made to the justice, etc., "at least six days before the time fixed for making such application." In this case the notice is dated, and was served on the supervisors, March 7th, and the application was noticed for, and in fact made, March 12th,— being only five days thereafter.

Compliance with the above requirements is a condition precedent to the authority of the justice to make a jury list or issue process to summon a jury, and to the power of the jury to make a valid appraisal of damages. This want of jurisdiction goes to the subject matter, and is not cured by the voluntary appearance of the supervisors before the justice. These propositions are fully established by the cases of *Burns v. Spring Green*, 56 Wis. 239, and *State ex*

*rel. Foster v. Graham*, 60 Wis. 395. We are aware of no decision of this court to the contrary.

The supervisors having assessed damages at less than $250, and the proceedings to increase such assessment being void, the vote of the town meeting is of no importance. The highway is legally laid out and established, and the damages assessed by the supervisors a legal charge against the town.

The amended return of the supervisors fails to show any sufficient reason for not opening the highway, although it does show that they have laid out and established the same. Hence, the demurrer thereto was properly sustained, and the order in that behalf must be affirmed.

*By the Court.*— Order affirmed.