ROGERS, Appellant, vs. DRAVES and others, Respondents.

*April 30—May 31, 1913.*

*Highways: Commissioners: Appointment and qualification: Major-
ity may act.*

1. The decision of highway commissioners appointed pursuant to
   sec. 1279, Stats., is not void because one of the three failed to
   take a valid oath, as required by sec. 1280, before acting and
   signing such decision.
2. The provisions added to said sec. 1279 in the revision of 1878
   do not in terms or by necessary implication require that the
   three persons appointed shall all act in order to render a valid
   decision; hence, under sub. 3, sec. 4971, a majority of such
   persons may act.

APPEAL from a judgment of the circuit court for Jefferson
county: GEORGE GRIMM, Circuit Judge. *Affirmed.*

Suit in equity to vacate the decision of commissioners appointed pursuant to sec. 1279, Stats., ordering the laying out of a highway across plaintiff's land, and to enjoin the supervisors of the town from laying out and opening the highway. It appears from the complaint that three commissioners were duly appointed and ordered to meet at a certain time and place, as provided by statute; that two of the commissioners met at the specified time and place, but the third one, owing to illness, did not appear; whereupon, due notice of the non-appearance of the third commissioner having been given the county judge, he excused him from acting and appointed another in his stead and required the three commissioners so appointed to meet at a specified time and place, which they did. It further appears that the oath administered to the commissioner last appointed was defective, and for this reason alone the order of the commissioners is sought to be vacated and the laying out of the highway enjoined. The commissioner last appointed acted with the other two and signed the decision ordering the laying out of the highway. When the case was called for trial the defendants objected to the introduction of any evidence under the complaint on the ground that the same did not state facts sufficient to constitute a cause of action. The objection was sustained by the court, and, no amendment by plaintiff being requested, a judgment was entered in favor of the defendants, from which the plaintiff appealed.

For the appellant there was a brief by *Martin J. Gillen,* attorney, and *Mistele & Smith,* of counsel, and oral argument by *L. H. Smith.*

*L. B. Caswell,* for the respondents.

VINJE, J. The sole question raised by the appeal is whether the decision of the commissioners is void because one of the three failed to take a valid oath, as required by sec. 1280, Stats., before acting and signing. It was held in *State ex rel. Vos v. Hoelz,* 69 Wis. 84, 33 N. W. 597, that

the failure to administer the statutory oath to any of the commissioners is fatal and gives them no jurisdiction to act. It will be assumed, therefore, that the third commissioner could lawfully take no part in the proceedings, and that the case stands as if he had not acted at all. Sub. 3 of sec. 4971 provides that "all words purporting to give a joint authority to three or more public officers or other persons shall be construed as giving such authority to a majority of such officers or other persons unless it shall be otherwise expressly declared in the law giving the authority." It was decided in *State ex rel. McCune v. Goodwin,* 24 Wis. 286, and *Williams v. Mitchell,* 49 Wis. 284, 5 N. W. 798, that the action of two highway commissioners was valid, since the law providing for their appointment did not require all to act. In *State ex rel. Meredith v. Lippels,* 112 Wis. 203, 87 N. W. 1093, a like ruling was made as to commissioners appointed pursuant to sec. 1077*a,* Stats. (1898), to review the valuation of the property of a county for taxation. In *State ex rel. Luderman v. Findley,* 67 Wis. 86, 30 N. W. 224, it was held that all five of the commissioners selected under sec. 1362, R. S. 1878, upon an appeal from the determination of town supervisors in relation to a drain, must qualify and participate in the hearing of the matter because the statute providing for their appointment so required, and the cases of *State ex rel. McCune v. Goodwin,* 24 Wis. 286; *Williams v. Mitchell,* 49 Wis. 284, 5 N. W. 798; and *Melms v. Pfister,* 59 Wis. 186, 18 N. W. 255, were distinguished because the statute relating to those cases did not require the participation of all the commissioners, and therefore they were governed by sub. 3 of sec. 4971, Stats. Counsel for plaintiff point out that since the above cases have been decided the following provisions have been added to sec. 1279:

"If for any reason one or more of said commissioners shall fail to act, the judge or justice making the appointment shall,

on receiving notice of such failure, by lot and without notice to either party, select from the number not struck off or drawn from said list one or more commissioners, as the case may require, to fill the vacancy or vacancies in the commission. And in case this list is exhausted before three commissioners are obtained who can and will act, then, without notice to either party, a number of commissioners sufficient to supply the deficiency and having the qualifications above required shall be summoned by order of the appointing officer in the same manner that talesmen are summoned to complete juries in courts held by justices of the peace, to the end that said appeal may have effect. Whenever a new commissioner is drawn or summoned to fill a deficiency, the time for the commissioners to appear, view and examine the highway may be enlarged by the appointing officer to not exceeding ten days, and the time for making return of their decision to not more than twenty days from the date of filling such vacancy. Any commissioner may be excused from acting by the officer appointing him for good cause; and if any commissioner, after due service upon him of the warrant by which he was appointed and not so excused, shall, without good cause, refuse to act he shall forfeit ten dollars and shall also be liable to the party having the costs of the appeal to pay for the additional costs made in consequence of such refusal."

These provisions first appeared in the revision of 1878. It is argued that they imply that a full commission must act in order to make a valid decision. We do not so interpret them. If mandatory, they require the appointment of three commissioners, but they do not in terms or by necessary implication require that the three persons appointed shall all act in order to render a valid decision. In the present case three commissioners were appointed, and the provisions of the statute in respect to the number to be appointed were complied with.

Assuming that there must be an appointment of three commissioners in order to constitute a valid commission, it does not follow that all must act in order to make a valid decision.

The provisions of sub. 3 of sec. 4971 are as applicable to sec. 1279 since the amendments incorporated in the revision of 1878 as they were before. Such amendments, the revisers state, were added "for certainty," evidently for the purpose of rendering the procedure more certain by defining in detail how vacancies were to be filled by the appointing judge or justice. No intent to change the manner in which the commissioners should act, nor to limit in any way the validity of their action after appointment, can be gathered from the amendments. The words "to the end that said appeal may have effect" manifestly refer to the fact that the amendments provide a method whereby a vacancy on the commission can always be filled so that the appeal shall not become ineffective by reason of a failure to secure an eligible person to fill a vacancy. When the three persons are appointed the validity of their acts must be tested by the same rules that applied to their acts before the amendments.

*By the Court.*—Judgment affirmed.