BECKER, Appellant, vs. JONES and others, Town Supervisors, Respondents.

*April 13—May 2, 1916.*

*Highways: Laying out: Appeal, when to be taken: "Determination:"
Notice of time, etc., for appointment of commissioners: Service:
Jurisdiction of justice.*

1. In sec. 1276, Stats. 1913, providing that any person aggrieved by an order of town supervisors laying out a highway "may, within thirty days after such determination, appeal therefrom," the word "determination" refers to the filing of the written order in the town clerk's office, as required by sec. 1269, and not to the oral or mental decision of the supervisors.

2. Upon such an appeal a failure to serve notice of the time and place
   for the appointment of commissioners upon at least two of the
   supervisors six days before such time, as required by sec. 1277,
   Stats. 1913, deprived the justice of jurisdiction of the subject
   matter; and such want of jurisdiction was not cured by subse-
   quent voluntary appearance of the supervisors before the justice.

APPEAL from a judgment of the circuit court for Monroe
county: E. C. HIGBEE, Circuit Judge. *Affirmed.*

This is an action in equity by the plaintiff to enjoin the de-
fendant supervisors from entering on his farm and construct-
ing a highway across it.

The facts are that the defendant supervisors upon due peti-
tion met May 12, 1914, and decided to lay out the highway.
They filed the formal order laying the highway and awarding
damages May 18th. Plaintiff on June 16th filed with the
proper justice of the peace an application for an appeal pur-
suant to sec. 1276, Stats. 1913, which requires that the appli-
cation be made within thirty days after the "determination"
of the supervisors. The justice of the peace made out a no-
tice as required by sec. 1277, Stats. 1913, to the effect that
commissioners would be appointed on June 24th. This no-
tice was served on one of the supervisors personally on June
17th and upon the other two by mailing, one copy being
mailed June 17th and the other June 18th. One of the cop-
ies so mailed was received June 19th and there is no evidence
as to the receipt of the other. On the 24th day of June the
supervisors appeared before the justice and objected to the
appointment of commissioners on the ground of lack of juris-
diction because the appeal was not taken within thirty days
after the "determination" of the supervisors as prescribed by
sec. 1276, *supra,* and because the notice to the supervisors was
not served upon two of them six days before the appointment
of the commissioners as required by sec. 1277, *supra.* The
objection was overruled and the supervisors thereafter par-
ticipated in the selection of commissioners. The commission-
ers so appointed afterwards met and reversed the order of the

supervisors laying the road.    On appeal from this decision to commissioners appointed by the county judge the reversal was affirmed.    The supervisors now claim that the justice of the peace had no jurisdiction and hence that their order laying out the highway still stands unreversed.    The plaintiff admits that notice of the appointment of commissioners was not given by the justice of the peace as required by sec. 1277, *supra,* but insists that this objection as well as all other objections were waived by the voluntary participation of the supervisors in the proceedings after their objection to the jurisdiction of the justice had been overruled.

The circuit court on these facts held that the justice had no jurisdiction because of failure to give the statutory notice of the appointment of commissioners and hence that the *locus in quo* was a public highway, and the plaintiff appeals.

For the appellant there was a brief by *W. F. & A. C. Wolfe,* and oral argument by *Lucien T. Reed.*

*Thorwald P. Abel,* for the respondents.

WINSLOW, C. J.    In this case it is held:

1. Sec. 1276, Stats. 1913, relating to an appeal by any aggrieved person from the decision of the supervisors laying out a highway, provides that such person may, "within thirty days after such determination, appeal therefrom."    The word "determination" as here used refers to the filing of the written order in the town clerk's office, as required by sec. 1269, Stats. 1913, and not to the oral or mental decision of the supervisors; hence the appeal to the justice of the peace was properly taken.

2. The failure to serve notice upon at least two of the supervisors of the time and place for the appointment of commissioners six days before such appointment, as required by sec. 1277, Stats. 1913, deprived the justice of jurisdiction of the subject matter, and this was not cured by the subsequent

voluntary appearance of the supervisors before the justice. *Burns v. Spring Green,* 56 Wis. 239, 14 N. W. 72; *State ex rel. Milliren v. Varnum,* 81 Wis. 593, 51 N. W. 958. It follows that the order of the supervisors laying out the highway is unreversed, and that the complaint was properly dismissed.

*By the Court.*—Judgment affirmed.