STATE EX REL. ZEMLICKA and others, Appellants, vs. BAKER and others, Respondents.

*September 17—October 12, 1943.*

For the appellants there was a brief by *Boardman & Jones* of Mineral Point, and oral argument by *D. O. Jones*.

For the respondents there was a brief by *George J. Larkin* of Dodgeville, and *L. G. Williams* of Highland, and oral argument by *Mr. Larkin*.

BARLOW, J. The first question to consider is whether the commissioners had jurisdiction on September 11, 1941, to make the decision so made by them. Highway commissioners constitute a tribunal of special and limited jurisdiction, and must act in substantial accord with the statute or order of the court under which they were appointed. 29 C. J. p. 432.

The pertinent part of sec. 80.19 (1), Stats., is as follows;

"And shall thereupon annex to the appeal a warrant under his hand, directed to the persons so selected, requiring them to appear personally at a time and place fixed therein, not more than ten days from the date thereof, and directing them to view and examine the highway described, and review the order or determination appealed from, and make return of their decision thereon to the town, city or village clerk within twenty days after the date thereof."

The warrant to the commissioners specifically directed these commissioners to review the determination appealed from and make return of their decision within twenty days after the date thereof as above provided. Pursuant to this warrant the commissioners did make their decision and made return of their decision to the town clerks of the respective towns. The subsequent action of the commissioners taken nearly a year and ten months later was without any notice authorized by statute or other statutory authority. Following the reasoning in *Steen v. Norton,* 45 Wis. 412, and *State v. Castle,* 44 Wis. 670, the commissioners can only acquire jurisdiction of the proceedings by complying with the requirements of the statutes; and when they have acquired jurisdiction of the proceedings, it can only be retained by compliance with the directions of the statute.

Failure to file an order laying a highway within the time prescribed by statute was jurisdictional and the proceedings void. *Ruhland v. Supervisors of Hazel Green,* 55 Wis. 664, 13 N. W. 877.

Failure to serve notice upon at least two of the supervisors of the time and place of the appointment of commissioners six days before such appointment was held to be jurisdictional and the action of the commissioners void and of no effect. *Becker v. Jones,* 163 Wis. 226, 157 N. W. 789.

The legislature fixed the time within which authorities are required to act in highway matters, and this is based on sound

reasoning. The public has an interest in these matters. If this were not the law, town boards and commissioners could delay action almost indefinitely and the rights of the public may never be determined. We therefore hold that the commissioners had no jurisdiction to make the order of September 11, 1941, and that their determination is void.

This brings. us to the decision of the commissioners made on November 13, 1939. After deciding that the determination of the town board "be and the same is hereby in all things reversed," the following sentence is added:

"This is made subject to the condition that the town road through Eden-Highland from Joe Razick gate west to the Willow Springs road be closed, and further that the Highland town road from Willow Springs school, in said town, to County Trunk Highway I, where said highway connects both be closed."

Sec. 80.19 (1), Stats., specifies the duties of the commissioners, and the part pertinent to the decision of this case provides that they shall "review the order or determination appealed from, and make return of their decision thereon." The town board refused to lay the highway. The commissioners had authority to review this decision and to either affirm or reverse it and lay the highway—that was the only question before them. Whether or not other highways should be discontinued or laid was foreign to this proceeding. Respondent contends that inserting this void condition in the decision does not affect the validity of the balance of the order reversing the decision of the town board, and that it should be wholly disregarded, citing *Williams v. Mitchell*, 49 Wis. 284, 290, 5 N. W. 798, wherein the board of supervisors, in making an order altering a highway included the following language: "The aforesaid highway is not to be discontinued until the road hereby laid out is opened." We feel this case can be distinguished for several reasons. The order altering the highway is attacked collaterally in a trespass action where

the landowner brings suit for damages against persons attempting to travel the highway and in addition thereto, the original action of the town board was reversed by commissioners, and under the law at that time it was the duty of the town board to make an order laying the highway pursuant to the decision of the commissioners, and the entire proceeding was one where a certain highway was discontinued and a new highway laid. None of these facts exist in this case. The whole question involved here is the laying of a new highway. The commissioners had no authority to conditionally affirm or reverse the town board. They failed to make an order laying the new highway and to award damages for a right of way, which was their duty under the law if they intended to reverse the decision of the town board. To attempt to divide the decision and hold that part of their action is legal and a part of their action void, and sustain that portion of their action determined to be legal cannot be done. They either had the right to do everything that they did or their entire action is void. To hold otherwise would place the matter in a position where a *mandamus* action to compel the commissioners to make an order laying the highway and to award damages would place them in a position to answer and state that they reversed the town board only on condition that the certain highways in question were to be discontinued, which had not been done, and that therefore they had not reversed the town board. The proceeding is so defective as to be void on its face. The case of *Williams v. Mitchell, supra,* is overruled so far as it is inconsistent with this decision.

*By the Court.*—Judgment reversed, and the cause remanded with instructions to enter judgment in accordance with this decision.