IN RE PETITION OF BRADT: ROSSEY and others, Commissioners, Appellants, vs. BRADT and others, Respondents.

*October 10—November 6, 1951.*

2

*Wendell McHenry* of Waupaca, for the appellants.

For the respondents there was a brief by *J. K. Anderson* of Waupaca, attorney, and *Edward J. Hart* of Waupaca, and *Cooke & Loehning* of Neenah of counsel, and oral argument by *Mr. Hart*.

MARTIN, J. The motion to supersede the writ of certiorari was made on the grounds:

"1. That the decision of the commissioners to whom said writ is directed was rendered on November 15, 1948, at which time their office as commissioners ceased, and that said writ was not served until February 12, 1949.

"2. That they have not had possession of the record sought to be reviewed since the rendition of said decision on November 15, 1948."

No question is raised as to the validity of the proceedings up to November 15, 1948. Under sec. 80.19 (1), Stats., commissioners appointed to review the determination of the town supervisors are required to perform the function of their office and make return of their decision to the town clerk within twenty days after the date of the warrant appointing them. The provisions of sec. 80.20 set out their duties in regard to the preparation of the record, including appearances, petitions, notices, testimony taken under oath, exhibits, findings, decisions, and other orders; and specifically require that "Their decision shall be reduced to

writing, signed by them, annexed to the warrant, and, together with the same, be filed with the town . . . clerk . . . within the time directed in such warrant." The section further requires that "The judge shall cause to be filed with the town clerk all the other papers and proceedings relating to such appeal, duly certified by him."

Under this statute the commissioners constitute a temporary body created for the purpose of discharging the specific function of reviewing the determination appealed from; they are required to perform that function and file their decision with the town clerk within twenty days of their appointment. With the filing of the decision, the purpose for which they were appointed is accomplished and they cease to exist as commissioners and have no further jurisdiction.

In *State ex rel. Zemlicka v. Baker* (1943), 243 Wis. 606, 609, 11 N. W. (2d) 364, the commissioners there appointed filed their decision within twenty days and almost a year and ten months later rendered a second decision in the same matter. It was held that the commissioners had no jurisdiction to make the second decision. The court said:

"The legislature fixed the time within which authorities are required to act in highway matters, and this is based on sound reasoning. The public has an interest in these matters. If this were not the law, town boards and commissioners could delay action almost indefinitely and the rights of the public may never be determined. We therefore hold that the commissioners had no jurisdiction to make the order of September 11, 1941, and that their determination is void."

When the commissioners lost jurisdiction upon filing their decision with the town clerk, they were required to comply with the provisions of sec. 80.33, Stats., in the disposition of the record they had prepared. That section provides:

"All applications, orders, awards, bonds, and other papers relating to the laying out, altering, widening, or discontinuing of highways shall be promptly filed in the office of the town, city, or village clerk, except as otherwise specifically provided in this chapter."

Nowhere in ch. 80, Stats., is there any specific provision for the filing of the record of the commissioners described in sec. 80.20, Stats., and hence sec. 80.33 necessarily governs. The language used in sec. 80.20 to the effect that "The judge shall cause to be filed with the town clerk all the other papers and proceedings relating to such appeal, duly certified by him" cannot be construed to mean that the commissioners are required to file their records with the judge.

The language of sec. 80.33, Stats., is as plain as any language can be, and it clearly governs the filing of *all* papers relating to the laying out, altering, or discontinuing of highways, the disposition of which is not elsewhere specifically provided for in ch. 80, Stats.

In seeking a review of the commissioners' determination by certiorari under sec. 80.34 (2), Stats., it is the responsibility of the petitioner for the writ to ascertain the person or body having legal custody of the record to be reviewed, and to cause the writ to be properly directed.

In *State ex rel. Augusta v. Losby* (1902), 115 Wis. 57, 59, 90 N. W. 188, commissioners were appointed to equalize a county assessment, made their decision, and duly filed the same with the county clerk. A writ of certiorari was sued out of the circuit court to test the validity of the commissioners' decision, said writ being directed to the county clerk, the clerk of the circuit court, and the commissioners. The court held:

"The commissioners having concluded their labors, filed the result thereof with the county clerk, and gone out of office before the filing of the petition for the writ, obviously they had no control over the official record of their proceed-

ings, and were not proper parties for the purpose of bringing the same before the court. If the writ had been directed to them alone, the court would have obtained no jurisdiction to consider any question touching their decision. It has been so often held by this court that a writ of certiorari must go to the custodian of the record of the proceedings sought to be reviewed, that where that is the official history of proceedings of a continuing body, such as a city council or county board, its clerk is deemed the mere agent thereof, and the real custodian of the record the body itself, that where an officer like a county clerk is legally in possession of the record of the doings of a body no longer in existence, he is the proper person to return the same into court in response to a writ of certiorari sued out to review the same, and that the writ should run to and be served on him in order to give the court jurisdiction to consider matters complained of, that it would be a work of supererogation to go over the subject anew at this time. It is the settled law of this state that a writ of certiorari to review the proceedings of a continuing body must go to the body itself; and that *a writ of certiorari to review the proceedings of a tribunal no longer in existence must go to the officer having possession of the record. . . .*

". . . the only record material to the relators' propositions, for consideration by the court, was that made by the commissioners which the law required them to file, and which, according to the petition, was filed with the county clerk. It follows that service on such clerk was necessary to jurisdiction to review the commissioners' decision, and that no other service was necessary." (Emphasis ours.)

In *State ex rel. Robst v. Board of Appeals* (1942), 241 Wis. 188, 194, 5 N. W. (2d) 783, it was said:

". . . we consider that the practice in cases involving other municipal boards established pursuant to statute, which are of a permanent nature, *as distinguished from boards of review which complete a particular assignment of work and then adjourn sine die,* the writ of certiorari to review their action may run . . . either to 'the board or its member.' *A writ to review the proceedings of a tribunal no longer in existence must go to the officer having charge of its records."* (Emphasis ours.)

Respondent cites *State ex rel. Paulson v. Town Board* (1939), 230 Wis. 76, 79, 283 N. W. 360, where the writ of certiorari was directed to the town clerk. The town board moved to quash the writ and relator moved for an order requiring the writ to be amended to include a transcript of the evidence taken before the commissioners. This court said that the petitioner could not reach by certiorari the questions he sought to raise, quoting from *Morris v. Ferguson* (1861), 14 Wis. *266, *268:

". . . the errors of which the plaintiff in error complains cannot be reached by this writ [certiorari], for the simple reason that we cannot go into a review of matters of evidence. We are confined to the defects appearing upon the return. . . . If such errors of law exist, they can only be shown by matters dehors the return and this shows that the plaintiff in error mistook his remedy in supposing that he could reach these questions by a common-law writ of certiorari."

Counsel points to the following language in the *Paulson Case* (p. 80): "The writ was not directed to the commissioners but to the town board, and the town board cannot be expected to return matters that were not before them," and contends that the court thus held that the writ must be directed to the commissioners, if their acts are to be reviewed. What was held in that case was simply that certiorari was not the remedy by which the petitioner could reach the questions he sought to have reviewed; and, in fact, the opinion states that it was "unnecessary to consider respondents' contention that the writ was misdirected, and we express no opinion upon that point."

We have searched the briefs in the *Paulson Case* and find that sec. 80.33, Stats., was nowhere brought to the attention of the court. Neither have counsel mentioned it in this case. Under the circumstances we feel it should be made clear that this section requires the filing of records by the commissioners with the town clerk when their office is terminated

by the filing of their decision in these matters. It follows that a writ of certiorari to review the same under sec. 80.34 (2) should be directed to the town clerk.

Respondents cite numerous cases, typical of which is *State ex rel. Ollinger v. Manitowoc* (1896), 92 Wis. 546, 66 N. W. 702, as authority for their position that the writ was properly directed to the commissioners here. They are distinguished on the basis that the acts there sought to be reviewed were the acts of continuing or permanent bodies. As pointed out above, the commissioners here did not constitute such a body, and, in fact, at any time when certiorari can be resorted to in order to review the findings of such commissioners, the records, in compliance with the provisions of sec. 80.33, Stats., must necessarily have been filed with the town clerk.

It is our opinion, therefore, that the writ was misdirected and that the court obtained no jurisdiction.

*By the Court.*—Order reversed and cause remanded with directions to grant the motion to supersede the writ of certiorari.