Chief Justice Robertson
delivered the Opinion of the Court.
Jn 'go NrcHOT.AS did not sit.
Tins writ of error is prosecuted to reverse a judgment, by Turner, for the use of Triplet, against Stockton, in an action of covenant on an injunction bond, executed by Cox, as principal, and the said Stockton as surety.
The first objection made in this court to the judgment is, that the circuit court erred in overruling a demurrer to the declaration. The only objection that bas been or can be made, with any semblance of plausibility, to the declaration, is that, in the (ondition of the bond the. stipulation is literally, that if tiie obligors “or either of them shall well and truly pav the debt aforesaid, to the said Peter Co®,” &<: The insertion of the name of Cox instead of that of Turner, is a palpable mistake of such a character as not to affect the obligation: it is a mistake which the obligation itself, without the condition, and even the whole tenor and legal effect of the condition, without regard to the obligation, will correct. A nonsensical or repugnant condition will not affect an obligation, even though the entire condition be incongruous or uncertain: — a fortiori, an uncertain or repugnant stipulation, or expression in a condition, consistent and certain in other respects, cannot change or materially affect the import ana effect of the contract. Thus, if the condition of a bond he that if the obligor do not pay, the bond shall be void, the obligation will be understood to be single, or as if there had been no condition — “for when the condition recites a debt, and after lavs an obligation not to pay it, it is in that repugnant and void.”—Ba. Ab Cond. L & Cooke vs. Graham’s administrators, 3d Cranch. So if the condition of a bond to pay £7 by 2s. er week, till £7 are paid be that, if the obligor fail to pay the 2s. at any of the davs when they should be paid, the obligation shall be void — the condition shall be taken distributivelw, and to import that, if the obligor shall pay the £7 the *193 obligation shall be void, but that if he fail to pay ..the 2s. at anv of the days prescribed, it shall be in full force.—Vernon vs. Slop, Lev. 77.
In an action on injunction thatthe^pastics are estop, ped by the such a judgment as that e cr¡beí. or to shew any other,iudg‘ (bus*described,
.Wherefore, the bond in this ease must be construed as a valid obligation to Turner, as described in tlie declaration; and as, in other respects, it is described according to its legal effect, the declaration is good.
But the next objection to the judgment is more fot mutable. The bond stipulates for the payment -of a-judgment for $280,50, and describes the judgment as one for that sum. But on a writ O'f enquiry the circuit court permitted the plaintiff in the action to read to the jury a judgment for $288,50, and instructed the jury that the latter sum with legal interest, from the date of the judgment should be included in the assessment of damages. That instruction cannot he sustained.
Stockton’s liability cannot be extended beyond the amount which by the bond, he undertook to pay.. The parties are estopped by the bond to deny that there was such a judgment as that which the bond describes, or to shew any. other judgment than that thus described. If the judgment read on the writ, ot enquiry had corresponded with that described in the bond, it would have been admissible -evidence for no other purpose than to shew (if it would shew such fact) when the interest, mentioned in the bond, commenced running. The judgment which was read was for damages, without any inter-test; and therefore, as the frond itself,, without the exhibition of a judgment, bearing interest, (as described in it) furnished the only legal evidence of the extent of Stockton’s liability, and does not shew how much interest should he charged as having accrued on-the judgment described, no interest prior to the date of the bond, should be included -in the assessment of .the damages. The $280,50, and the costs of the common law suit, therefore constituted, according to the only legitimate evidence in this record, the amount which was actually enjoined. The bond does not shew the date of the judgment; anti *194 ho other judgment than that described in the bond •would be evidence.
Morc-.head. ffaggin, and Crittenden, for plaintiff; Triplett, for defendant.
Therefore, without any other proof than that contained in the record, the jury should have been restricted in their assessment of damages, to $280,50, and the costs of the common law suit, together with legal interest on that aggregate sum, from the time when it was first actually enjoined, and also the costs of the chancery suit. Ño proof would be admissible to contradict or enlarge the injunction bond.
Wherefore the judgment of the circuit court must be reversed, and the cause remanded for a new trial.