STATE OF MINNESOTA *ex rel.* Isaac Berfield *vs.* BOARD OF COUNTY COMMISSIONERS OF McLEOD COUNTY.

August 4, 1880.

State Road—Failure of Commissioners to take Requisite Oath—Mandamus.— Sp. Laws 1879, *c.* 248, appointed commissioners to survey, locate and establish a state road in the counties of Wright, McLeod and Sibley. They were required, within a specified time, to meet and make oath "that they will faithfully and impartially discharge their duties as provided by this act, and fairly and impartially assess the damage, if any, they find to be sustained by owners of land through which said road may run, and then proceed to discharge their duties." They were directed, among other things, to apportion the expenses among the several counties, and file a statement thereof in each county, and the county commissioners of each county were directed to issue the county orders for the expenses apportioned to it, and for the damages assessed to land lying within the county. The oath the commissioners took was that "we will faithfully proceed to locate and establish said state road according to the provisions of said act, and according to the best of our abilities." *Held,* that the commissioners had no authority to act until they took the oath; that the oath taken was not such as the act required, and the action of the commissioners was void; that *mandamus* will not lie to compel payment of the expenses and compensation of the commissioners until they are allowed by the county commissioners, or fixed by judgment.

*Mandamus.*

*L. M. Brown,* for relator.

*A. P. Fitch* and *H. J. Peck,* for respondent.

GILFILLAN, C. J. By Sp. Laws 1879, *c.* 248, the relator and others were appointed commissioners to survey, locate and establish a state road in the counties of Wright, McLeod and Sibley. The commissioners having, as they supposed, performed their duties, the relator brings the writ of *mandamus* to compel the county of McLeod to issue the county orders in payment of damages assessed to him for lands lying in that county, and of his expenses and compensation for services apportioned to that county as the act directs. Certainly, so far as it is designed to compel payment of his expenses and

compensation for his services, the statement thereof by the commissioners not being conclusive, we do not think the writ of *mandamus* will lie until after adjustment by allowance by the county commissioners, or by judgment, although, if the action of the commissioners were legal, it might be the proper remedy to compel payment of the damages for land taken, the right to and amount of which are absolutely fixed by the award of the commissioners if legal.

It is objected, to the legality of their acts, that they did not take the oath required by law. This objection must be sustained. The act, section 2, provides that the commissioners shall meet at a designated place, within sixty days after the passage of the act, and there make oath "that they will faithfully and impartially discharge their duties as provided by this act, and fairly and impartially assess the damage, if any, they find to be sustained by owners of land through which said road may run, and then proceed to discharge their duties." The commissioners had, under the act, no authority to do any of the things prescribed in the act until they took this oath. The taking it was a condition precedent to their right to act as commissioners. The oath they did take was that "we will faithfully proceed to locate and establish said state road according to the provisions of said act, and according to the best of our abilities." This is not in substance the oath required; it does not include all that is in the oath required. There are duties imposed on them by the act besides the duty to "locate and establish said state road according to the provisions of said act." For instance, they are required, after surveying, locating, and establishing the road, and filing their award of damages, to give notice, in a mode prescribed, of their assessment, to the owners of land taken, (section 9,) also to apportion the expenses to the respective counties, and file a statement thereof in each county. Section 6. While an oath taken in compliance with a statute need not generally be in the precise terms of the statute, it must contain all the

substance. This oath does not contain all the substance required. The acts of the commissioners were therefore void.

Writ quashed.