THE STATE EX REL. Vos, Respondent, vs. HOELZ, Town Clerk, Appellant.

*April 13 — June 1. 1887.*

HIGHWAYS: *Appeals to commissioners: Bond and oath of commissioners: Jurisdiction: Waiver.*

1. The appeal given by sec. 1276, R. S., from the determination of town supervisors in laying out, etc., a highway, to commissioners appointed by a justice of the peace, and that given by sec. 1281 from the determination of those commissioners to other commissioners appointed by the county judge, are distinct and independent appeals from different determinations, and the bond required to be given on the latter appeal must be conditioned that the appellant shall " pay all costs arising from such appeal, provided such order or determination of the *commissioners* shall not be reversed." One precisely *like* that given on the first appeal, conditioned to " pay all costs, etc., provided the determination of said *supervisors* —— shall not be reversed," is void, and gives the commissioners no jurisdiction.

2. The oath, required by sec. 1281, R. S., to be taken by commissioners appointed by the county judge before acting, is the same as that prescribed by sec. 1280, " justly and impartially to discharge their duties as such," and one that they " will fairly and impartially hear the evidence given, and re-view the premises mentioned, in the matter of the appeal in the above entitled matter, and fairly and impartially decide the same," is not in terms nor in substance that required by the statute, and gives them no jurisdiction to determine the appeal.

The State ex rel. Vos vs. Hoelz.

3. The town board of supervisors, the commissioners appointed by a justice of the peace on appeal from their decision laying out, etc., a highway, and the commissioners appointed by the county judge on appeal from the former commissioners, are separate tribunals, acting judicially, and neither can obtain nor retain jurisdiction except by a strict compliance with the statutes on that subject in matters of substance. No consent or waiver can dispense with such compliance.

APPEAL from the Circuit Court for *Kenosha* County.

Upon *certiorari* to review the proceedings of commissioners appointed by the county judge for Kenosha county, on an appeal from the decision of prior commissioners, which affirmed that of the town supervisors laying out a highway and discontinuing another highway, the circuit court reversed and annulled the decision of those commissioners, and the town officers, defendants, appealed. Further facts appear in the opinion.

For the appellant there was a brief by *Quarles & Spence*, and oral argument by *T. W. Spence.* Among other things, they contended that the bond given on the second appeal did not substantially differ from that prescribed by the statute, but fully subserved the purpose of such bond in securing payment of all costs, and the variance affected no material rights. The appeal to the last commissioners was substantially one from the decision of the supervisors, since they are to pass upon that. The form of oath taken by the commissioners is not a material departure from the statute. All objections to the bond and oath have been waived by the appearance of the parties in the proceedings.

For the respondent there was a brief by *Merton & Kearney*, attorneys, and *J. E. Dodge*, of counsel, and oral argument by *T. M. Kearney* and *J. E. Dodge.*

ORTON, J. From an order laying out a highway, and discontinuing another highway near it, an appeal was taken to the commissioners appointed by a justice of the peace,

and said order was affirmed. ' An appeal was thereupon attempted to be taken to commissioners appointed by the county judge from the order of the commissioners so affirming the order of the supervisors. The statute (sec. 1281, R. S.) requires the application for said appeal to be accompanied by a bond to the town, conditioned that the appellant shall " pay all costs arising from such appeal, provided such order or determination of the commissioners shall not be reversed." The bond in this case was conditioned that the obligors " shall pay all costs arising from said appeal, provided the determination of said *supervisors*, in laying out and discontinuing said highway above described, shall not be reversed." The above section provides that " such appeal shall be accompanied by a *like* bond " as the first appeal from the determination of the supervisors. The appellant made the mistake of executing a bond *precisely like that bond*, even as to the order appealed from. Such a bond would be invalid to secure the payment of the costs arising from said appeal because it is not so conditioned. The bond is therefore void. The statute is very plain and explicit. The first appeal is called an appeal from the determination of the supervisors, and the second an appeal from the determination of the commissioners appointed by a justice of the peace. They are distinct judicial determinations, as much as judgments of a court can be, and the appeals are not a series of appeals from the same determination, but distinct and independent appeals from the different determinations or judgments. But the statute is too plain to bear an argument, or to afford even an apology for such a mistake.

Sec. 1280, R. S., requires the commissioners, before they shall act under the warrant of their appointment, to be duly sworn, " justly and impartially to discharge their duties;" and sec. 1281, in relation to the appeal from the determination of the commissioners appointed by the jus-

tice of the peace, requires the commissioners appointed by the county judge, before they can act under the warrant of their appointment, to take a like oath, viz., " that they will justly and impartially discharge their duties." The oath administered to the commissioners in this case was as follows: " You do each of you solemnly swear that you will .fairly and impartially hear the evidence given, and review the premises mentioned, in the matter of the appeal in the above-entitled matter, and fairly and impartially decide the same." This oath is not in substance as that required by the statute. The learned counsel of the respondent has correctly specified the duties required to be discharged by the commissioners, and which they are required to swear they will " justly and impartially discharge," namely: (1) to meet at the time and place appointed; (2) to examine the highway or highways; (3) to hear the parties interested; (4) to hear the proofs offered by the parties; (5) to reduce their decision to writing, and sign and annex it to the warrant; (6) to file their decision with the proper officer in the time required by law. It is very clear that the commissioners were not qualified to act by taking the proper oath. The commissioners did, however, act,— viewed and examined the highways, and reviewed the order appealed from, or attempted to be appealed from; heard the parties interested, and all proofs offered by them; and decided and determined that said order and determination of the first commissioners be and the same were by them in all things reversed; and their decision was reduced to writing, and filed with the town clerk of the town in which said highways are situated. The decision of said commissioners, and the records thereof, were removed to the circuit court by writ of *certiorari;* and upon the hearing thereof the decision or determination of the commissioners so appointed by the county judge was reversed, and this appeal is taken from said judgment of reversal of the circuit court.

From the intimations of counsel in their briefs, we con-

clude that the circuit court reversed the order of the commissioners on the ground that they acquired no jurisdiction in the matter by reason of there having been given no bond, and by reason of the commissioners not having been sworn as required by the statute. We think that the circuit court decided correctly that such defects were jurisdictional, and that the decision or determination of the commissioners was therefore void. The case is as if no bond had been given and no oath taken. The three boards or bodies, to view the ground, hear the evidence and arguments, and decide upon the question of laying out or discontinuing a highway, the first acting originally, and the two last upon appeal, are tribunals, and act judicially, and can obtain or retain jurisdiction only by strict compliance with the statutes, and no consent or waiver can dispense with such strict compliance with the statutes in matters of substance. This has been so often and recently decided in principle by this court that the citation of authorities is not necessary. In the recent case of *Ruhland v. Sup'rs*, 55 Wis. 664, the defect was too long an adjournment of the hearing, and decision and by consent. It was a violation of the statute conferring jurisdiction, and that was sufficient to render the decision void. In that case nearly all the cases on the subject in this court are reviewed, and the reasoning of Mr. Justice TAYLOR is exhaustive and conclusive. See the cases therein cited, and also the late case in Iowa of *Scott v. Lasell*, 71 Iowa, 180. The cases of *State ex rel. Houston Co. v. Fitch*, 30 Minn. 532, and *State ex rel. Berfield v. Com'rs McLeod Co.* 27 Minn. 90, are closely in point as to the bond and the oath. It is astonishing that the officers of the law, in so important a matter as taking away or burdening the lands of private owners for a public use, should make such egregious mistakes in trying to follow the plain directions of the statutes; or, rather, in not trying to do so.

*By the Court.*— The judgment of the circuit court is affirmed.