Oshkosh Water Works Co. vs. City of Oshkosh.

OSHKOSH WATER WORKS COMPANY, Appellant, vs. CITY OF OSHKOSH, Respondent.

*February 6 — February 27, 1900.*

*Municipal corporations: Appeal from disallowance of claim: Waiver of defects in bond: When claim is "presented."*

1. If the bond given on an appeal to the circuit court from a common council fails to comply with the requirements of the city charter, the city officers cannot by approving the bond waive the objection and confer jurisdiction of the subject matter upon the court.
2. The filing of a claim with the city clerk, not its actual introduction into the common council, is its "presentation" to the council for allowance, within the meaning of the provision of the Oshkosh city charter (Laws of 1891, ch. 59, subch. XXI, sec. 4), that failure of the council to pass upon such claim within sixty days after its presentation shall be deemed a disallowance thereof.

APPEAL from an order of the circuit court for Winnebago county: MICHAEL KIRWAN, Judge. *Affirmed.*

This is an action to recover for the rental of fire hydrants. The record shows that the plaintiff on the 24th day of September, 1898, filed with the city clerk of the city of *Oshkosh* a verified bill claiming the sum of $5,145 for hydrant

rental for the quarter ending October 1, 1898. On the 30th of September the city comptroller recommended the allowance of the bill at $1,911.50. Thereafter the finance committee of the common council of the city of *Oshkosh* recommended the allowance of the bill at the sum of $4,630.50. The bill was presented to the common council November 10, 1898, and on the same date allowed by the common council at $4,630.50. It was presented to the mayor for approval November 16, 1898, and vetoed by the mayor November 17, 1898, which veto was sustained by the council November 27, 1898, ten members of the council voting to allow the claim notwithstanding the veto, and nine members voting in the negative; the charter of the city requiring a two-thirds vote in order to overrule the veto.

On the 12th of December, 1898, the plaintiff served a notice of appeal and a bond upon the city clerk, the bond being conditioned that the plaintiff would faithfully prosecute its appeal and pay all the costs that should be adjudged against it in the circuit court for Winnebago county, Wisconsin. This bond was approved by the city attorney and the city comptroller of the defendant city. On the 13th of January, 1899, another notice of appeal and bond was served upon the city clerk, the bond being correct in form, and it was approved by the city attorney and comptroller as to the sufficiency of the sureties on the 17th day of January, 1899, without, however, waiving any objection to the right of the plaintiff to give or file such bond.

The defendant moved to dismiss the appeal for lack of jurisdiction, because the appeal was not taken in the manner provided by law, and because the required bond had not been given. Upon this motion the appeal was dismissed, and from the order of dismissal the plaintiff appeals.

For the appellant there was a brief by *Hooper & Hooper*, and oral argument by *Moses Hooper*.

*John F. Kluwin*, city attorney, for the respondent.

Winslow, J.   The charter of the city of *Oshkosh* (ch. 59, Laws of 1891) provides: " No action shall be maintained by any person against the city upon any claim or demand until such person shall first have presented his claim or demand to the common council for allowance, and the same shall have been disallowed in whole or in part; provided, that the failure of such common council to pass upon such claim within sixty days after the presentation of such claim shall be deemed to be a disallowance thereof." Sec. 4, subch. XXI. " The determination of the common council disallowing in whole or in part any claim shall be final and conclusive, and a bar to any action in any court founded on such claim, unless an appeal be taken from the decision of such common council as in this act provided." Sec. 5.   " No claim shall be considered by the council or reported to a committee till it shall have been examined and reported on by the comptroller." Sec. 1, subch. IX.   Another section (sec. 6, subch. XXI) provides for an appeal to the circuit court by written notice served upon the city clerk within twenty days after the disallowance, and by the execution of a bond to the city in the sum of $150, " with two sureties to be approved by the city attorney and comptroller, conditioned for the faithful prosecution of such appeal and the payment of all costs that shall be adjudged against the appellant in the circuit court."

The question presented by the record is whether the circuit court acquired jurisdiction by either of the attempted appeals.

The first appeal was confessedly taken within the prescribed time, but the bond given was confessedly bad under the rule laid down in *Drinkwine v. Eau Claire,* 83 Wis. 428, and for precisely the same reason given in that case.   It is claimed, however, that there has been a waiver of the objection by the action of the city attorney and comptroller in approving the bond.   This claim cannot be sustained.   The

question is one of jurisdiction of the subject matter, and not merely of the person.   Only by substantial compliance with the requirements of the statute can the circuit court obtain jurisdiction of the subject matter.   *Drinkwine v. Eau Claire, supra; Telford v. Ashland,* 100 Wis. 238.   The parties cannot confer jurisdiction of the subject matter upon the court by express agreement, much less by waiver.

The second attempted appeal papers were, however, sufficient in form, and were effectual if served in time.   The action of the common council in refusing to pass the claim over the mayor's veto was taken November 22, 1898, and, if this be considered a "decision" disallowing the claim, then the second appeal was not taken within twenty days thereafter, and hence was not taken in time.   If, however, as is argued, the sustaining of the veto by a minority vote was not action by the council, but simply constituted a failure to pass upon the claim, then the question arises as to when the claim was presented to the council within the meaning of sec. 4, subch. XXI.   If it was presented when filed with the city clerk (September 24, 1898), then the sixty-day period of nonaction which is deemed a disallowance expired November 23d, and the twenty-day period for appeal expired December 13th, and the appeal is too late.   If, however, the actual introduction of the claim into the council (November 10th) be considered its presentation, then the sixty-day period did not expire until January 9, 1899, and the appeal was taken in time.   Following the rule laid down in *Bacon v. Antigo,* 103 Wis. 10, where a similar charter provision was involved, we must hold that the filing of the claim with the clerk was the presentation thereof to the council, and hence that the second attempted appeal, in any view of the facts, was too late.

*By the Court.*— Order affirmed.