REEG, Respondent, vs. ADAMS and others, Appellants.

*November 9, 1901—February 18, 1902.*

*Undertaking: Reformation: Supplying omissions: Pleading: Preju-
    dicial error: Sheriffs: Officers: Execution against the body:
    Return.*

1. An undertaking to discharge a defendant from arrest, which
    gives the title of the case, and recites that the defendant
    therein had been arrested, and that he as principal and cer-
    tain others as sureties undertook "that the said ———— shall at
    all times render himself amenable to the processes of the
    court," furnishes the means of supplying the missing word
    with absolute certainty and needs no reformation.
2. The complaint in an action on such undertaking stated two
    causes of action, one seeking a reformation of the undertak-
    ing and recovery thereon as reformed, and the other seeking
    a recovery as though it needed no reformation.   A demurrer
    to each cause of action being overruled, the defendants an-
    swered, and a trial was had which resulted in a verdict for
    plaintiff.   *Held,* that since the undertaking needed no reforma-
    tion, it was error to overrule a demurrer to that cause of ac-
    tion, but, that under the provisions of sec. 2829, Stats. 1898,

requiring the court to disregard any error not affecting substantial rights, the error was not prejudicial.

3. A complaint on an undertaking given to discharge a defendant from arrest, alleging that such undertaking was filed in the proper office by the plaintiff, plainly infers that the plaintiff accepted the bail, and is sufficient although it does not allege, as required by sec. 2702, S. & B. Ann. Stats., that the sheriff delivered to the plaintiff the order of arrest with his return indorsed thereon, together with a certified copy of the undertaking.

4. The provisions of sec. 2970, S. & B. Ann. Stats., that every execution shall be returned within sixty days after its receipt by the officer, applies to executions against the body as well as against property.

5. An execution against the body of defendant was issued May 28th, and on June 18th following, the sheriff made return thereon "not found." *Held*, that if the officer acted in good faith and on sufficient knowledge, he might return it before the expiration of sixty days after its receipt.

APPEAL from a judgment of the circuit court for Clark county: JAMES O'NEILL, Circuit Judge. *Affirmed.*

The complaint attempts to set out two causes of action. It is first alleged that the plaintiff commenced an action against the defendant *Adams*, and obtained an order of arrest thereon. Thereafter he was arrested by the sheriff, whereupon the defendants gave a written undertaking pursuant to sec. 2697, S. & B. Ann. Stats., a copy of which is as follows, omitting the verification:

"Circuit Court, Clark County, Wis.

"George Reeg, Plaintiff,

vs.

"Alfredo B. Adams, Defendant.

"Whereas, the above-named *Alfredo B. Adams* has been arrested in this action: Now, therefore, we, *Alfredo B. Adams,* as principal, and *E. D. Webster,* liveryman, of the city of Neillsville, Clark county, Wisconsin, and *H. M. Root,* county clerk, of the city of Neillsville, Clark county, Wisconsin, undertake pursuant to the statute in the sum of one thousand dollars that the said —— shall at all times render

himself amenable to the process of the court during the
pendency of this action, and to such as may be issued to
enforce the judgment thereon.

"Dated June 26, 1896.            ALFREDO B. ADAMS.
                                  "E. D. WEBSTER.
                                  "H. M. ROOT."

Then follow allegations showing that the word "defend-
ant" or the words *"Alfredo B. Adams"* were left out of the
paper by mistake of the attorney who drew it, stating the
circumstances.   The plaintiff accepted the paper believing
it was a valid undertaking, and defendant *Adams* was re-
leased from his arrest.   Judgment was afterwards secured
by plaintiff in said action, and an execution against the
property of the defendant *Adams* was duly issued May 24,
1898, and returned unsatisfied May 28th.   An execution
against the body was issued May 28th, and returned June
18, 1898, with a certificate that the defendant could not be
found, and the defendants thereby became liable on the
undertaking to the amount of $1,000.

The second cause of action is one at law upon the under-
taking as though it were valid and needed no reformation.
It alleges the commencement of suit against *Adams,* his ar-
rest, the giving of an undertaking pursuant to the statute, its
delivery to the sheriff, the discharge of *Adams,* and the filing
of the undertaking in the clerk's office, with the same allega-
tions as to plaintiff's obtaining judgment and issuing execu-
tions and their return as heretofore mentioned.

The defendant sureties demurred to the complaint on the
ground that several causes of action had been improperly
united, the first being one in equity, and the second, one at
law.   They also demurred because neither the complaint nor
either count thereof stated facts sufficient to constitute a cause
of action.   The demurrer was overruled, the trial court hold-
ing "that there was no necessity for a reformation of the
undertaking," and that only one cause of action was stated.

The sureties then made answer. No bill of exceptions has been settled in this case. The record brought to this court shows the verdict of a jury for plaintiff for $1,090, and a judgment entered thereon by the clerk, dated May 11, 1900, for the plaintiff, with costs. From this judgment the defendants bring this appeal.

For the appellants there was a brief by *MacBride & MacBride,* attorneys, and *R. J. MacBride,* of counsel, and oral argument by *R. J. MacBride.*

*L. M. Sturdevant,* for the respondent.

The following opinion was filed November 29, 1901:

BARDEEN, J. This case must be determined upon the record, no bill of exceptions having been settled. The trial court decided that the undertaking set out in the first cause of action was valid and sufficient, and did not require reformation. If this conclusion is correct, then it follows that no cause of action was stated in the first count. The alleged imperfection in the undertaking consisted in the omission of some word identifying the person who should at all times render himself amenable to the process of the court. The *hiatus* can be filled from a mere inspection of the paper. It first gives the title of the case, and recites that *Adams,* the defendant, had been arrested. Then follows a further recital that *Adams,* as principal, and the other defendants undertake "that the said —— shall at all times render himself amenable to the processes of the court," etc. The instrument itself furnishes the means of supplying the missing word with absolute certainty. Any person of ordinary intelligence would have no difficulty in filling the blank without the aid of extraneous evidence. The case comes clearly within those of curable uncertainty where the blank may be filled from the instrument itself. 2 Parsons, Cont. 563; 1 Addison, Cont. (7th Ed.), 166. See *State v. Schwartz,* 64

Wis. 432, and cases cited; *Mississippi River L. Co. v. Wheelihan,* 94 Wis. 96; *Ellis v. Barron Co.* 111 Wis. 576. The instrument not needing reformation, the effort to state a cause of action for its reformation failed, and the defendants are wrong in the conclusion that a cause of action in equity was stated. The demurrer should therefore have been sustained to the first cause of action.

The question then arises whether the error is so substantial as that the judgment must be reversed. Sec. 2829, Stats. 1898, says that the court shall disregard any error that shall not affect the substantial rights of the adverse party, and that no judgment shall be reversed by reason of such error. It appears from the record that after the demurrer was overruled the defendants interposed an answer, and that a jury trial was had, and a verdict rendered for the plaintiff. This could only be upon the theory that the second count in the complaint stated a cause of action at law, and was the only cause of action appearing from the complaint. We are inclined to agree with this view, and therefore hold that the action is one at law, and was properly disposed of by the court and jury. The failure of the court to sustain the demurrer to the first count in no way operated to the prejudice of defendants. They had the full privilege to litigate the case on the merits, and to make their full defense, if they had one.

When we come to inspect the complaint to determine whether it will stand the test of the demurrer, we find a complete cause of action at law stated, unless it is susceptible to the objections hereinafter to be considered. The complaint in the second count sets out the action brought by plaintiff against *Adams,* his arrest, the execution of the undertaking pursuant to sec. 2697, S. & B. Ann. Stats., and its delivery to the sheriff, the release of *Adams* from arrest, and the filing of such undertaking by the plaintiff in the office of the clerk of the circuit court. Then follow allegations as to the

rendition of the judgment against *Adams,* the issue and return of the property execution unsatisfied, the issue of the execution against the body and the return "Not found," and the failure of the bail to produce their principal.  The defendants argue that the complaint is demurrable, because it does not allege that the sheriff ever delivered the order of arrest with his return indorsed thereon, with a certified copy of the undertaking, to the plaintiff or his attorney.  It is alleged that the undertaking was given, *Adams* was discharged from arrest, and the undertaking was filed in the office of the clerk of the circuit court by the plaintiff.  The requirements of sec. 2702 are for the benefit of plaintiff and the sheriff.  The service of the copy of the undertaking upon plaintiff is to advise him of the sureties, and if within ten days he does not serve notice that he does not accept the bail, he is deemed to have accepted it, and the sheriff is exonerated.  When the plaintiff takes and files the undertaking, the plain inference is that he accepted the bail, unless it is made to appear that he notified the sheriff to the contrary.

The execution against the body was issued May 2nd, and returned "Not found" June 18th following.  The defendants insist that no cause of action arises against them until the full sixty days named in the execution had expired.  Sec. 2970, S. & B. Ann. Stats., in force at the time the execution was issued, provides that "every execution shall be made returnable within sixty days after its receipt by the officer."  This applies to executions against the body as well as against property.  In the recent case of *Davelaar v. Blue Mound I. Co.* 110 Wis. 470, we had occasion to consider a similar contention relative to a property execution.  We then held that, if the officer acted in good faith, and upon sufficient knowledge of the financial condition of the defendant, he might return his execution before the sixty days had fully elapsed.  We see no reason for making a different rule regarding executions against the body.  They are both controlled by the same

statute, and must be governed by the same rules, so far as the return of the same by the officer is concerned.

*By the Court.*—The judgment is affirmed.

A motion for a rehearing was denied February 18, 1902.