SHARP, Respondent, vs. CITY OF APPLETON, 'Appellant.

*November 26—December 13, 1907.*

*Municipal corporations: Defective streets: Negligence: Personal injuries: Denial of claim: Charter provisions: Perfecting appeal: Approval of bond: Jurisdiction of subject matter:* Mandamus.

1. Sec. 27, subch. V, ch. 441, Laws of 1885 (Appleton city charter), requires that on appeal to the circuit court from the disallowance of any claim the bond required of the appellant shall be "with sufficient surety to be approved by the mayor and clerk." *Held*, the statute having imposed upon a claimant the duty of perfecting his appeal in a certain way, that the court could acquire jurisdiction of the subject matter in no other way, and hence, where plaintiff omitted to procure the approval of the mayor to the bond given on an appeal from the disallowance of his claim for injuries from a defective street, although the bond was approved by the city clerk, the appeal was not perfected and should have been dismissed.

[2. Where under a city charter the mayor and clerk, as public officers, are charged with the duty of approving a bond, if they capriciously or in bad faith refuse so to do, doubtless they could be compelled to perform their duty by *mandamus.*]

'APPEAL from a judgment of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge. *Reversed.*

For the appellant the cause was submitted on the brief of *A. M. Spencer* and *Henry D. Ryan.*

*Humphrey Pierce,* for the respondent.

WINSLOW, J.   The plaintiff presented a claim to the common council of the city of *Appleton* for damages suffered by him by reason of a fall upon a defective highway in said city.   The claim was disallowed by the council and the plaint-iff gave timely notice of appeal, as required by the charter of the city (sec. 27, subch. V, ch. 441, Laws of 1885), accompanied by a bond for costs approved only by the city clerk. The clerk returned the papers to the circuit court for Outagamie county, where the action was tried before the court and a jury, and a special verdict rendered finding the issues in plaintiff's favor, upon which judgment was rendered for the plaintiff for damages and costs, and the defendant appeals.

The first contention made by the appellant, and the only one which we find it necessary to consider, is that the appeal bond was insufficient by reason of the fact that it was not approved by the mayor of the city, as required by sec. 27, *supra,* and hence that the circuit court acquired no jurisdiction of the action.   The section named requires the execution of a bond "with sufficient surety to be approved by the mayor and clerk."   This approval is an essential and substantial part of the bond, and it is now well settled that only by the filing of a bond substantially conforming to the requirements of the statute can the court obtain jurisdiction of the subject matter of the action.   The parties cannot confer jurisdiction by agreement, by silence, or by waiver.   *Oshkosh W. W. Co. v. Oshkosh,* 106 Wis. 83, 81 N. W. 1040.   It was the duty of the claimant, in order to perfect his appeal, to present his bond, when executed, to the mayor as well as to the clerk for approval, and to secure such approval either by indorsement thereon or by written paper attached thereto, because the record should affirmatively show jurisdiction of the subject matter.   The mayor and clerk, as public officers, were charged with the duty of approving a sufficient bond.   If they capriciously or in bad faith refused to do so, doubtless they could be com-

pelled to perform their duty by *mandamus*. There is nothing in the record showing why the mayor did not approve the bond in question. It may never have been presented to him, or he may have declined for good reasons to approve its sufficiency. The statute imposes upon the claimant the duty of perfecting his appeal in a certain way. In no other way could the court acquire jurisdiction of the subject matter.

The appeal was not perfected as the statute requires; hence it should have been dismissed.

*By the Court.*—Judgment reversed, and action remanded to the circuit court with directions to dismiss the appeal.