STATE EX REL. WILLS, Respondent, vs. LARKIN and others, Supervisors, Appellants.

*January 13—February 3, 1914.*

*Highways: Laying out: Place of meeting of supervisors: Appeals: Proceedings on reversal: Mandamus: Evidence.*

1. The mere fact that town supervisors, for shelter or convenience, met at a house ten or twelve rods from the mathematical point designated in the notice of their meeting to decide upon

an application for the laying out of a highway, did not de-prive them of jurisdiction, such place being in substantial ac-cord with the notice.

2. One who, under sec. 1276, Stats., has appealed to a justice of the peace from the decision of town supervisors in the matter of laying out a highway, may subsequently, under sec. 1281, Stats., appeal to the county judge for the appointment of com-missioners to review the determination of the commissioners appointed by the justice.

3. When the determination of town supervisors refusing to lay out a highway has been finally reversed by commissioners upon appeal, the supervisors have no further discretion in the matter, but must lay out the road; and in *mandamus* proceed-ings to compel them to lay it out, evidence as to the character of the country through which the road would pass, and as to the wishes of the people, is irrelevant.

APPEAL from a judgment of the circuit court for Grant county: GEORGE CLEMENTSON, Circuit Judge. *Affirmed.*

The cause was submitted for the appellants on the brief of *J. W. Murphy,* and for the respondent on that of *S. E. Smalley.*

TIMLIN, J. The judgment appealed from awards a per-emptory writ of *mandamus* to the supervisors of the town of Hazel Green, in Grant county, commanding them to lay out a highway therein described. On September 1, 1911, the relator, together with more than six other freeholders of the town of Hazel Green, made application in writing to the supervisors of that town to lay out the highway in question. On the next day the supervisors gave notice that they would meet at the southeast corner of the southwest quarter of the southeast quarter of section 1, town 1, range 1 west, being at the east end of said proposed highway, on September 25, 1911, at 10 o'clock in the forenoon of that day, and decide upon such application. They did meet at the time men-tioned at a farm house ten or twelve rods from the corner mentioned and decided against the application. One of the petitioners within thirty days after such decision applied in

writing to a justice of the peace of an adjoining town for the appointment of commissioners pursuant to sec. 1276, Stats. Such proceedings were had thereafter that commissioners were duly appointed by the justice, and these commissioners after hearing the parties affirmed the order and determination of the supervisors, reduced such determination to writing, signed it, annexed it to their warrant, and on October 17, 1911, filed the same in the office of the town clerk of the town of Hazel Green. The same appellant then appealed from this determination within due time to the county judge of Grant county for the appointment of commissioners to review the decision of the former commissioners, the county judge appointed commissioners under and pursuant to sec. 1281, Stats., and these commissioners reversed the decision of the former commissioners appointed by the justice, and on the 8th day of November, 1911, reduced their decision to writing, signed it, annexed it to their warrant, and filed the same in the office of the town clerk last mentioned.

This petitioner made several requests upon the supervisors thereafter to proceed and lay out the highway pursuant to the decision of the last mentioned commissioners. The supervisors refused and neglected to lay out the highway. Two members of the town board retired and two others were elected in their places at the town meeting of April, 1912, and on April 27, 1912, this petitioner demanded of the new board, the present appellants, that they proceed to lay out the highway, which they refused, whereupon the relator, another of the petitioners, procured the alternative writ of *mandamus* which instituted this action. A motion to quash the alternative writ was denied, the appellants thereafter made return to such writ, and this return was treated as if it were at issue by answer or replication. Testimony was taken on such issue, consisting mostly of the records and files of the three several proceedings mentioned. The appellants of-

fered to show the character of the ground over which such proposed highway would run, the crossing of streams and the cost of opening the road and the necessity for bridges and the opinions of the people of the town of Hazel Green on the subject. But the learned circuit court held that all of this matter was for the commissioners and irrelevant to the question of the legal right of the relator to a peremptory writ of *mandamus.*

Error is assigned upon the grounds that the relator, having appealed from the decision of the supervisors to a justice of the peace to appoint commissioners to review that decision, was not entitled to a subsequent appeal to the county judge for the purpose of reviewing the determination of the commissioners; that the supervisors lost jurisdiction by failing to meet at the place designated in the notice of meeting to hear and decide upon the application; that the testimony offered to show the character of the country through which the proposed highway would pass and the cost of such highway and the desire of the people of Hazel Green with reference to laying out the highway was excluded.

In support of the first assignment of error it is contended that, construing secs. 1276 and 1281, Stats., together, it is apparent that the petitioner was given an election to appeal to a justice of the peace from the decision of the supervisors, or to the county judge, and having applied to a justice of the peace in the first instance, no subsequent appeal from the determination of the first commissioners can be entertained. We think this contention inconsistent with the decision in *State ex rel. Vos v. Hoelz,* 69 Wis. 84, 33 N. W. 597. These statutes have stood a long time on the statute books, and more than twenty-five years ago received the construction given them in the case mentioned, when it was considered that they called for distinct *quasi*-judicial determinations, not a series of appeals from the same decision, and this we

think inconsistent with the construction contended for by appellants in the instant case.

The mere fact that the supervisors sought shelter or convenience in a house ten or twelve rods from the mathematical point of meeting described in the notice could mislead no seeker in good faith for the place of meeting, and this place was in substantial accord with the notice.

The time to show the character of the country through which the road would pass and the wishes of the people of Hazel Green was when the commissioners met, and the tribunal to which such considerations should be offered was the commissioners. When the latter rendered and filed their decision such inquiry was closed, and the statute (sec. 1282.) makes it the duty of the supervisors to lay out the road. They have no discretion in the matter at this stage of proceedings. *State ex rel. Curtis v. Geneva,* 107 Wis. 1, 9, 82 N. W. 550; *Williams v. Mitchell,* 49 Wis. 284, 290, 5 N. W. 798.

*By the Court.*—Judgment affirmed.