MARLATT, Respondent, vs. CHIPMAN and others, Appellants.

*February 10—March 2, 1915.*

*Bond on appeal: Sufficiency: Omission of word: Highways: Laying out: Meeting of supervisors: Place and time: Notice: Proof of service: Adjournments: Notice of appeal.*

1. Where the inadvertent omission of a word from a statutory paper renders it nonsensical, and the word is in place by necessary inference, it should be read as there.

2. Thus, the inadvertent omission of the word "not" in an appeal bond under sec. 1277, Stats., which should have been conditioned to pay costs if the order appealed from "shall *not* be reversed," is *held* not to have invalidated the proceedings on such appeal.

3. A meeting of supervisors to decide upon an application for laying out a highway, held in the dooryard of a man's house, was in accordance with a notice stating that they would meet at his "home."

4. A meeting for said purpose at about 10:30 a. m. was in accordance with a notice giving 10 o'clock a. m. as the time.

5. Proof of the service of notice under sec. 1268, Stats., need not be filed in the office of the town clerk before the meeting.

6. Notice of any adjourned meetings of the supervisors in such a case, other than that given publicity at the time of the first meeting, is not necessary.

7. Notice to property owners of an application for the appointment of commissioners to review the determination of the supervisors as to laying out a highway, is not required by statute.

APPEAL from a judgment of the circuit court for Columbia county: CHESTER A. FOWLER, Circuit Judge. *Reversed.*

A *certiorari* action was commenced in the circuit court for Columbia county to review proceedings had to establish a highway in the town of Leeds in Columbia county and Windsor in Dane county. The town boards, in due proceedings as was supposed, refused to lay out the highway. Thereupon application was made under sec. 1276, Stats.; for appointment of commissioners to review the adverse determination. Such commissioners were appointed and, in due course, reversed the action of the town boards. Pursuant thereto such boards laid out the highway and made the required award of damages.

With the application for appointment of commissioners a bond was presented for the purpose of complying with the condition precedent prescribed by sec. 1277, Stats.

Such bond is required to be "conditioned to pay all costs arising from such appeal, provided such order or determination of the supervisors . . . shall *not* be reversed." The

bond presented was conditioned to "pay all costs arising from such appeal from such order providing such determination of the said supervisors so appealed from *shall be reversed."* The bond was duly approved by the county judge, overlooking the inadvertent omission of the word "not" from the condition of the bond. The application for the writ assigned the defect in the bond and also these as jurisdictionally fatal:

1. The town board did not, pursuant to the notice, meet at 10 o'clock of the day named in the house of Ben Johnson, but met about 10:30 on said date in the yard near the house, adjourned to the barn and, by themselves, deliberated and then returned and against protest adjourned to meet at the house of L. J. Lee July 21st thereafter.

(The language of the notice was "will meet at the 'home' of Ben Johnson.")

2. No proper proof of service was filed in the office of the town clerk of the town of Leeds prior to the meeting, though proofs were made at such time.

3. Notice was not given to Thomas Sanderson,—the relator's intestate, who was an interested party,—directly or indirectly, of the time or place of the adjournment, nor of the appeal.

4 and 5. No record appears in the town clerk's office of the town of Leeds of the hearing before the county judge or the appointment of commissioners.

6. No notice was given to said Thomas Sanderson of the final meeting of the commissioners.

7. Notice was not given to any party of such final meeting.

8. Because of want of notice, said Sanderson did not have a fair hearing.

9. The appeal was not made in proper time; the appeal papers have not been properly completed, nor any duplicate of the appeal record filed with the town clerk of the town of Leeds.

(The refusal to lay out the road was July 20, 1912.   The application to appoint commissioners was served within thirty days thereafter.)

10. Notices of adjournments were unseasonably filed with the town clerk of the town of Leeds.

11. No offer of damages was made to Thomas Sanderson prior to the finding by the boards.

In due course, the proceedings to lay out the highway were declared void for failure to give the statutory bond on the application for commissioners.

For the appellants there was a brief by *Nelson & Bushnell,* and oral argument by *R. N. Nelson.*

*David Bogue,* for the respondent.

MARSHALL, J.   As indicated in the statement, the sole question passed upon below is whether the bond given on appeal was sufficient to afford the county judge jurisdiction to appoint the commissioners.   The purpose of the bond is evident on its face and from all the characterizing circumstances. The proceedings were referable to secs. 1276 and 1277, Stats. That means that the intention was to secure the contingent obligation to pay costs in case of the appeal not being successful, yet the word "not," of the statute, was omitted making the bond nonsensical.   The county judge took the bond according to its intent and so did all the adverse parties, else they would have objected at the start.   There we see the clearest kind of a case of practical construction, if any construction, strictly so called, was necessary.   Under such circumstances we have no hesitancy in holding that the paper is to be read according to the statutory intent, that it should be conditioned as in the statute.

There is no reason which we can perceive why the logic of the rule that a word which is in place by necessary inference should be read as there, and that any interfering word should be rejected as surplusage, does not apply very strongly to a

statutory paper where the evidence is conclusive that failure to insert the proper word was a mere inadvertence. To hold otherwise and establish or even continue a rule of technical accuracy which makes for injustice, thereby using means designed for protection of public and private interests to work the very opposite in many cases, is contrary to reason and common sense and opposed to the liberalizing trend of present-day judicial thought.

We need not look for case law for guidance in this instance. It is sufficient that it falls within the scope of a well known principle, even if that principle needs expanding to reach the new situation, which is not thought to be the fact. That is supported by cases cited in appellants' brief. *Reeg v. Adams,* 113 Wis. 175, 87 N. W. 1067; *Butler v. Bohn,* 31 Minn. 325, 17 N. W. 862; *United States F. & G. Co. v. Poetker,* 180 Ind. 255, 102 N. E. 372. The doctrine of *Neacy v. Milwaukee Co.* 144 Wis. 210, 128 N. W. 1063, with authorities there referred to, amply meets the situation here. Courts elsewhere have held, very strongly and consistently, that a word inadvertently added to a statutory bond which renders it nonsensical should be rejected, that such an instrument does not need reformation to conform to the conditions of the statute which the parties intended to incorporate in it. *Stockton v. Turner,* 30 Ky. 192.

It follows from the foregoing that the decision upon which the decision complained of is grounded is wrong. The trial court probably was guided by *Telford v. Ashland,* 100 Wis. 238, 75 N. W. 1006; *Oshkosh W. W. Co. v. Oshkosh,* 106 Wis. 83, 85, 86, 81 N. W. 1040; *Drinkwine v. Eau Claire,* 83 Wis. 428, 53 N. W. 673; *State ex rel. Vos v. Hoelz,* 69 Wis. 84, 33 N. W. 597, and similar cases. Without very careful reading of those cases to discover the real point decided they might afford some support for the result reached below in this case; but, really, they are quite plainly distinguishable from the case before us. No such technical accuracy as is insisted

upon here was sanctioned in *Oshkosh W. W. Co. v. Oshkosh, supra.* All the court there held was that substantial compliance with statutory requirements is necessary. In *State ex rel. Vos v. Hoelz, supra,* the bond was given under a wrong statute and did not fit the particular situation at all. It was not "a purely clerical error" as counsel here suggest, which the court dealt with. The court had no idea of holding that such an error is fatal and did not use any language to that effect. Particular attention was called to the fact that the wrong statute was used so that the whole obligation was wrong. So it was held that the bond did not in terms or substance comply with the statute.

We might review each of the other cases cited to our attention with results similar to the foregoing, but it does not seem advisable to go further.

The court below having failed to pass upon any of the other alleged jurisdictional defects claimed by respondent, and counsel on that side having rested the case wholly on the point already discussed, it is not necessary for the court here to go further; but it seems best to do so and not leave any room for further litigation within the scope of the petition for the writ of *certiorari.*

All the claims of error referred to have been examined and found to be inconsequential or not supported by any jurisdictional requirement. For illustration: The call in the notice of meeting of the supervisors for the home of Ben Johnson, was amply satisfied by the dooryard of his house. So the call for 10 o'clock was satisfied by the meeting within the hour. The statute does not require proof of the service of notice under sec. 1268 to be filed in the office of the town clerk before the meeting of the supervisors to decide upon the petition to lay out the highway. Notice of any adjourned meetings of supervisors in such a case other than that given publicity at the time of the first meeting is not necessary, nor is notice to property owners of application for the appointment of com-

missioners required by statute. The same is true with reference to the other complaints as to want of notice. The record shows very clearly that the appeal to the county judge was made in time. The time allowed by statute is thirty days. The appeal was in fact made in twenty-four days.

We might continue to the end with the numerous claims of error but it seems sufficient to say that each has been carefully examined and a result reached adverse to respondent, either upon the ground that the claim is not supported by the record, or not by statute, or that it relates to an inconsequential matter.

*By the Court.*—The judgment is reversed, and the cause remanded with directions to render judgment of affirmance.