STATE EX REL. DORWIN, Respondent, vs. WHITE, Appellant.

*May 6—June 1, 1915.*

*Official bonds: Omissions: Effect: Amount of penalty: School district officers: Treasurer: Vacancy.*

1. Where the intent is clear and undisputed, a mere omission to insert words intended and authorized to be inserted cannot be held to defeat an official bond which all parties have treated as valid.
2. In the bond of a school district treasurer, duly executed by him and by his sureties and duly filed and approved, the amount of the penalty was not inserted, the proper amount not yet having been determined; but said treasurer and sureties intended to give and believed they gave the statutory bond, and they expected and authorized the director and clerk of the district to ascertain the proper amount as required by law and to insert the same in the blank space left therefor in the bond. *Held,* that the failure of the director and clerk so to do did not defeat the bond or prevent the treasurer from duly qualifying.

APPEAL from a judgment of the circuit court for Oneida county: A. H. REID, Circuit Judge. *Affirmed.*

Action to oust defendant from the office of treasurer of

school district No. 1 of the town of Minocqua.    The court found as facts:

"(1) That the relator was, on the 5th day of July, 1912, duly elected treasurer of school district number one of the town of Minocqua, Oneida county, Wisconsin.

"(2) That the relator was, at the time of his said election and ever since has been, a duly qualified elector of said town of Minocqua.

"(3) That within ten days after his said election the relator duly executed to said district and filed with the clerk thereof a bond with sufficient sureties, conditioned as provided by law, which bond was presented to and duly approved by the director and clerk of said district by written indorsement upon said bond, signed by said director and clerk, and was placed with the records and files of the clerk.

"(4) That said bond, when signed by relator and by the sureties thereof, contained no sum in the blank space therein provided for the amount of the penalty, nor were the names of the sureties or the date of the execution of said bond inserted; that 'blank spaces were provided in said bond for the names of the sureties, the amount of the penalty, and for such date, and that relator and said sureties knew when they signed the same that said blanks were not filled.

"(5) That at the time said bond was executed and at the time the same was filed with the clerk and approved by the director and clerk of said district, the amount of money to come into the hands of the treasurer thereof was unascertained and unascertainable; that the electors of the town of Minocqua at the last preceding town meeting had voted an appropriation for the maintenance of the schools in said town, which included the maintenance of the high school and the schools in said school district number one, and at the times aforesaid no division of such appropriation had been made between the said high school district and said school district number one.    That said sureties at the time they signed said bond knew the aforesaid facts and expressly authorized the relator to fill in said blanks and to insert the amount of the penalty whenever he ascertained and determined what the amount of such penalty should properly be.    That said sureties signed said bond with intent thereby to become sureties

on the official bond of relator as such treasurer and knowing that relator intended to present and file the same with the director and clerk of said district as his official bond.

"(6) That when said bond was so filed with the clerk and approved by the director and clerk, said director and clerk were advised by relator of the omission of the amount of the penalty thereof and that they were authorized to insert such amounts therein as they deemed necessary in compliance with the statute applicable thereto; that said director and clerk then decided to postpone the insertion of the amount of the penalty in said bond until such time as they should ascertain and determine the amount of moneys to come into the relator's hands as such treasurer.

"(7) That said director and clerk failed to insert the amount of such penalty in said bond and the same has not been inserted; that neither of the sureties on said bond have requested to be relieved therefrom and both are still alive and responsible.

"(8) That the director and clerk of said district have not at any time demanded or requested that relator furnish any additional bond as such treasurer.

"(9) That relator was appointed treasurer of said high school district in July, 1912, and duly furnished bond in the sum of seven thousand dollars ($7,000) to said high school district on July 20, 1912, and said relator thereafter continued in office and has ever since been treasurer of said high school district.

"(10) That the director and clerk of said district number one (1), on or about December 1, 1913, declared the office of treasurer vacant, attempted to and in form did appoint the defendant as treasurer of said district, and claimed that relator had vacated his office as such treasurer because of the alleged failure to furnish a bond within ten days after his said election.    That the town clerk of said town at the same time attempted to and in form did make the same appointment.    That demand thereafter was made upon the relator for the surrender to the defendant of the books and papers appertaining thereto; that relator delivered some of such books and papers to the defendant, but did not deliver to him the record book of said office; that relator claimed to be treasurer of said district at the same time of the delivery of said

papers to the defendant, but did not contest his right to such office by refusal to make such delivery.

"(11) That this action was commenced on the 9th day of February, 1914.

"(12) That the relator duly performed all the duties of his said office and no proceedings were at any time taken to remove him therefrom other than at the attempted declaration of a vacancy and the appointment of the defendant as aforesaid."

As conclusions of law the court found:

"(1) Relator was duly elected treasurer of school district number one of the town of Minocqua, Oneida county, Wisconsin, on July 5, 1912.

"(2) That within ten days after his said election relator duly filed with the clerk of said school district his bond as such treasurer, which said bond was duly approved by the director and clerk of said district.

"(3) That it was the duty of the director and clerk of said district to determine the amount of the penalty of said bond.

"(4) That the director and clerk were expressly authorized by relator and the sureties in said bond, and it was their duty, to complete the said bond by filling in the amount of the penalty, the date, and the names of the sureties.

"(5) That the execution of said bond by relator and said sureties without the blanks therein being properly filled gave to said director and clerk implied authority, and it was their duty, to complete said bond by filling in the amount of the penalty, the date, and names of the sureties.

"(6) That the omission of the amount of the penalty, the date, and names of the sureties in said bond was due to the failure of the director and clerk to perform their duty by exercise of their authority to fill in the amount of said penalty, date, and names of sureties.

"(7) The failure of the director and clerk to perform their said duty did not prevent the relator from duly qualifying as such treasurer, he having done all that he could to comply with the law relating to such qualification.

"(8) The relator did not and has not abandoned the office of treasurer of said district.

"(9) No vacancy in the office of treasurer existed at the

time of the attempted appointment of the defendant as such treasurer.

"(10) That the relator was at the time of the commencement of this action, and ever since the 14th day of July, 1912, has been and still is, the duly elected and qualified treasurer of said district and entitled to all the books, records, papers, money, and emoluments thereof.

"(11) That the defendant on or about the 1st day of December, 1913, without right or legal authority, intruded into and usurped said office and still unlawfully holds and exercises the same, and has no right to said office and should be ousted and excluded therefrom.

"(12) That relator is entitled to recover of the defendant the costs and disbursements of this action."

From a judgment entered accordingly the defendant appealed.

*John Van Hecke,* for the appellant.

For the respondent there was a brief by *Curtis, Van Doren & Cole,* and oral argument by *R. N. Van Doren.*

VINJE, J. The learned trial court held the bond valid, though the amount of the penalty was not inserted therein, on the ground that, since sec. 443, Stats. 1913, requires the approval of the bond by the director and clerk, it places upon them the duty to ascertain the amount of the bond; that they should have done so; that when the amount was ascertained they should, pursuant to the authority given them by the relator and sureties, have inserted it in the bond in the blank space left for that purpose, and that their failure to do so could not prevent relator from legally qualifying. The court reached the correct conclusion upon the facts found. Both the relator and the sureties intended to give, and believed they gave, the statutory bond. They intended and expected that the proper officers would ascertain the amount of the bond as the statute requires in double the amount of funds likely to come into the hands of the treasurer during his term of office, and that the amount when so ascertained would be

inserted therein.   The sureties and the relator did all they could to file a legal bond, and had the clerk and director done their duty as contemplated by the statute and those who signed the bond it would in form as well as in fact have been a complete bond.   Substance and not the form must control. Where the intent is clear and undisputed, a mere omission to insert words intended and authorized to be inserted cannot be held to defeat a bond which all parties have treated as valid.   Likewise it has been held that a word not intended to be in a bond and which was inserted by clerical error should be read out of it in order to effectuate the real intent of the parties.   *Marlatt v. Chipman,* 160 Wis. 193, 151 N. W. 249.   That one may be bound by an instrument authorized by him to be filled out by another is well settled in this state. *Friend v. Yahr,* 126 Wis. 291, 104 N. W. 997.

The finding that the relator did not abandon the office has such support in the evidence that it cannot be set aside.

*By the Court.*—Judgment affirmed.