STATE, Respondent, v. SUMMIT FIDELITY & SURETY COMPANY, Appellant.

*No. 311. Argued May 9, 1968.—Decided June 4, 1968.*
(Also reported in 159 N. W. 2d 59.)

For the appellant there was a brief by *Shellow, Shellow & Coffey,* attorneys, and *Howard G. Brown* of counsel, all of Milwaukee, and oral argument by *Mr. Brown.*

For the respondent there was a brief and oral argument by *Walter J. Swietlik,* district attorney of Ozaukee county.

ROBERT W. HANSEN, J. In its effort to escape the responsibility it assumed when it executed and filed the $3,000 bail bond involved in this case, the defendant bond company raises several issues. The principal contention is that it should be excused from liability because the bond was incomplete.

The bail bond, as prepared by defendant company's agent, Jay Flippin, was in the amount of $3,000, ". . . for the appearance of said Gloria Davis upon the 24th day of April A. D. 1967, at 8:30 o'clock A. M. of that day, before _____ in the city of Port Washington in said County, to answer a criminal prosecution for theft and from time to time and from day to day thereafter until discharged by law." (Underlined portions in handwriting.) Defendant company now claims that the document which it prepared and submitted as a valid bail bond should be held not to be a bail bond at all because it

does not meet the requirements of sec. 954.36 (2), Stats.[1] The sufficiency of the bond is challenged because it is not entitled in the cause, fails to give the place or the name of the court in which defendant is required to appear, fails to adequately describe the exact crime charged, and is not accompanied by a certified copy of the certificate of the commissioner of insurance.

All except one of the challenges made are disposed of by the Wisconsin statute providing that no action on a bail bond shall be defeated "by reason of any defect in the form of the bail bond if it sufficiently appears therefrom at what court the defendant or witness was bound to appear."[2] The statute has been in force in Wisconsin since 1839. However, as to the omission of the name of the court before which the defendant was to appear, the bonding company relies upon a case involving a civil arrest bond in which this court held that there was no need

---

[1] "Sec. 954.36 (2) The bail bond may be in substantially the following form:

"STATE OF WISCONSIN, ⎫
...... County, ⎬
Town (city, village) of ...... ⎭
The State of Wisconsin,
          v.
Name of defendant.

"We, A.B., C.D. and E.F. hereby give bail in the sum of ...... (the amount fixed as bail) dollars for the appearance of A.B. at the current term of the ...... (insert the name of the trial court) to answer a criminal prosecution for (state the crime) and from term to term thereafter until discharged.

"Dated ......, 19...
                                        "(Signed) A.B.
                                                  C.D.
                                                  E.F.
"Approved ......
     Judge, etc."

[2] Sec. 954.33, Stats.

for reformation since the instrument itself supplied the missing word.[3] However, in a later case, this court has broadened the law in regard to omissions in bonds.[4]

In the *Dorwin Case,* the school district treasurer and sureties executed a required bond but did not insert the penalty, authorizing and expecting the clerk of the district to ascertain the proper amount required by law and to insert it in the blank space provided. This court held that the failure of the clerk to so do did not defeat the bond.

The court stated:

"Both the [treasurer] and the sureties intended to give, and believed they gave, the statutory bond. They intended and expected that the proper officers would ascertain the amount of the bond as the statute requires in double the amount of funds likely to come into the hands of the treasurer during his term of office, and that the amount when so ascertained would be inserted therein. The sureties and the [treasurer] did all they could to file a legal bond, and had the clerk and director done their duty as contemplated by the statute and those who signed the bond it would in form as well as in fact have been a complete bond. *Substance and not the form must control. Where the intent is clear and undisputed, a mere omission to insert words intended and authorized to be inserted cannot be held to defeat a bond which all parties have treated as valid."* [5] (Emphasis supplied.)

In the case now before us, the bonding company agent may have expected the magistrate to insert the name of the court. The magistrate and surety knew that the preliminary hearing requested by Gloria Davis would be in the county court of Ozaukee county. The bond states, ". . . in the city of Port Washington." There is only one courthouse in Port Washington. The accused knew where she was to appear, because she did show up for the pre-

---

[3] *Reeg v. Adams* (1902), 113 Wis. 175, 87 N. W. 1067.

[4] *State ex rel. Dorwin v. White* (1915), 161 Wis. 170, 152 N. W. 825.

[5] *Id.* at pages 174, 175.

liminary hearing. The bonding company cannot claim it was confused or misled by its own error because its representative did appear at the August 4th hearing, requesting and securing an adjournment to enable it to produce the missing lady. We have no hesitancy in holding the bond in question to substantially conform with the statutory requirements. We would have no hesitancy in going further to hold that it is the substance of a bail bond rather than its form which is controlling.[6] Under either approach, the bonding company is not to be permitted to collect the premium, prepare the bond itself and then disown the document it drafted. Bonding companies, like individuals, may be expected to learn from their mistakes. They should not be permitted to profit by them if the unjust enrichment can be avoided.

The bonding company in this case argues that the condition of the bond was met when Gloria Davis appeared for the preliminary hearing since it did not consent to extension of its responsibility to further proceedings in the case. Its consent was not needed. The bond on its face continues beyond the preliminary "from time to time and from day to day thereafter until discharged by law." Sec. 954.36 (2), Stats., requires that a

---

[6] *See also International Ladies' Garment Workers' Union v. Donnelly Garment Co.* (8th Cir. 1945), 147 Fed. 2d 246, 253, certiorari denied, 325 U. S. 852, 65 Sup. Ct. 1088, 89 L. Ed 1972, holding: "The rule that the language of a statute requiring a bond in a certain form must be read into any bond made pursuant to the statute is frequently applied in cases where the principal on the bond applies for and receives the contract, privilege, or benefit authorized by the statute on the condition expressed in the statute that the principal execute a bond in the terms provided by the statute. In such cases the person from whom the bond is required is conclusively presumed to have intended to execute the bond in the amount and upon the conditions demanded by the statute, the benefit of which he accepts; the language of the statute is written into the bond, though omitted by inadvertence or intention."

bail bond in this state bind the sureties "for the appearance . . . to answer a criminal prosecution . . . until discharged . . . ." [7] When a defendant covered by a bail bond fails to appear, such person may be declared to be in default on his bond by the judge before whom he was ordered to appear at either the county or circuit court level. In this case, the default occurred on August 4, 1967, when Gloria Davis failed to appear. The circuit judge did have the right, as was done on request of the bonding company, to adjourn the matter to August 7th to give the bonding company a last chance to produce the missing person. There was no need for the court to seek to give notice thereof to the missing accused or her person. For the bonding company to argue that the adjournment it requested erased the August 4th default is as meritless as its contention that the bond it wrote was no bond at all.

*By the Court.*—Order affirmed.

---

[7] *See also* sec. 3.22 (5) (b) of the Insurance Section of 5 Wis. Adm. Code (Dec. 1967, Register No. 144), providing with respect to bail bond premiums: "The premium shall be a term charge for the term of the bond. No additional premium shall be charged in the event of a bind over except that if the amount of the bond has been increased a premium based on the approved rate for the amount of the increase may be charged."